IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,340






EX PARTE CHARLES JOHN SINEGAR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 92880 IN THE 252ND JUDICIAL DISTRICT COURT


FROM JEFFERSON COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded no contest to aggravated
kidnapping and received ten years of deferred adjudication community supervision. His guilty was
later adjudicated and he was sentenced to seventy-five years' imprisonment. 

 Applicant alleges, inter alia, that his counsel at the adjudication proceedings rendered
ineffective assistance because counsel did not move to recuse or disqualify the judge presiding over
the adjudication on the basis that one of the allegations in the State's motion to adjudicate guilt was
that Applicant personally threatened the trial judge. 

 The habeas court has determined that the adjudicating judge was disqualified from presiding
over that matter because the judge was alleged to be the party injured in the case. Tex. Code Crim.
Proc. 30.01. The habeas court also notes this Court's holdings that if a judge disqualified by law
renders a judgment, that judgment is null and void. See Ex parte Vivier, 699 S.W.2d 862, 863 (Tex.
Crim. App. 1985), citing Gresham v. State, 43 Tex. Crim. 466 (Tex. Crim. App. 1902). The habeas
court concludes that the judgment adjudicating guilt in this case is void, and it is unnecessary to
address whether Applicant's adjudication counsel was ineffective.

 We find, therefore, that Applicant is entitled to relief. The judgment adjudicating guilt in
Cause No. 92880 from the 252nd Judicial District Court of Jefferson County is set aside, and
Applicant is remanded to the custody of the sheriff of Jefferson County to answer the allegations as
set out in the State's motion to adjudicate guilt. The judge who rendered the void judgment
adjudicating guilt is disqualified from presiding over the new adjudication proceedings. The
presiding judge of the Second Administrative Judicial Region shall appoint a new judge to preside
over the adjudication proceedings. The trial court shall issue any necessary bench warrant within
10 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: September 14, 2011

Do Not Publish