### NEWT GRESHAM v. THE STATE.

#### No. 2356.          Decided February 19, 1902.

**1.—Disqualification of Judge by Relationship.**

Under provisions of article 5, section 11, of the Constitution, and article 606, Code of Criminal Procedure, a judge is disqualified to try a case where he is related, by consanguinity or affinity in the third degree, to the accused on trial.

**2.—Same.**

Consent of parties can not make such disqualified judge competent, this express provision of the law being designed not merely for the protection of the parties, but for the general interests and due administration of justice.

**3.—Same—Void Judgment.**

A judgment rendered by a judge disqualified by his relationship in the third degree, under the Constitution and laws, to the accused, is absolutely null and void.

Appeal from the County Court of Hood. Tried below before Hon. H. D. Payne, Special Judge.

Appeal from a conviction of libel; penalty, a fine of $100.

No statement required.

No brief on file with the record for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was charged by indictment with libel, upon trial was convicted, and his punishment assessed at a fine of $100.

In the view we take of this record, it is only necessary to consider one question, to wit, that raised by the first bill of exceptions, as follows: "That Hon. H. D. Payne was elected special judge because of the sickness of Hon. Phil. Jackson, the duly elected and qualified judge of said

County Court, and the above styled and numbered cause being called for trial by said special judge, H. D. Payne, and it being made known by said special judge that he was related to the defendant Newt Gresham, both by consanguinity and affinity; and it appearing that the relationship between said special judge and defendant is as follows: The grandfather of said special judge and the grandmother of the defendant were brother and sister; and that the said special judge married his (said special judge's) cousin, granddaughter of his (said special judge's) grandfather. Defendant claimed that the relationship existing between defendant and said special judge disqualified said judge from trying said case, and for that reason objected to his trying it," etc. The court appends the following explanation to the bill: "The court was under the impression that he and defendant were fourth cousins, until the jury was impaneled, and he discovered that he and defendant were third cousins, that is, the court's mother and defendant were second cousins; then the court retired the jury and explained the facts to defendant, and counsel for defendant and the State, and asked that another person try the case. Defendant and his counsel said they would not agree to anything; then the court proceeded to try the case." Article 606, Code of Criminal Procedure, provides: "No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree. This provision is a copy of the Constitution, article 5, section 11. This clearly renders the judge trying this case disqualified from sitting in the same. Furthermore, the consent of parties can not remove a judge's incapacity nor restore his competency against the express provisions of the law and the Constitution, which were designed not merely for the protection of the parties, but for the general interests and the due administration of justice. Abrams v. State, 37 Texas Crim. Rep., 449; James v. Hodges, 23 Texas, 102; Jaynes v. Barr, 60 Texas, 676. The judge being disqualified under the law and Constitution, renders absolutely null and void the judgment herein. This being true, we do not deem it necessary to pass upon any other question involved.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*