**Ex parte David Allen VIVIER.**

No. 69505.

Court of Criminal Appeals of Texas, En Banc.

Nov. 20, 1985.

Hal Hemstreet, Sugar Land, for appellant.

James S. McGrath, Dist. Atty. and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is an application for writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P. Applicant pled guilty and was convicted of rape in Jefferson County. The court assessed punishment at 25 years in the Texas Department of Corrections. No appeal was taken.

The applicant now contends that the trial court did not have jurisdiction in this case

because the trial judge was related to him within the third degree of consanguinity in violation of Art. V, Sec. 11 of the Texas Constitution and Art. 30.01, V.A.C.C.P. The State concedes the applicant and Judge Giblin of the 252nd District Court are related within the third degree, but maintains that knowledge of the relationship was not made known to the judge until after the trial was over.

Article V, Sec. 11, Texas Constitution, reads in relevant part:

"Sec. 11. No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, ..."

Article 30.01, V.A.C.C.P., reads in relevant part:

*"No judge or justice of the peace shall sit in any case where* he may be the party injured, or where he has been of counsel for the State or the accused, or *where the accused* or the party injured *may be connected with him by consanguinity or affinity within the third degree."*

Appellant cites *Ex parte Washington,* 442 S.W.2d 391 (Tex.Cr.App.1969) and *Lee v. State,* 555 S.W.2d 121 (Tex.Cr.App.1977) as authority that disqualification of the trial judge is jurisdictional and any conviction so rendered is void.

The State claims the cases cited by applicant are distinguishable because they involve situations where the grounds for disqualification were known at the trial. The findings of fact in the present case indicate that the trial judge had no knowledge of his relation to applicant at the time of trial. The State further asserts that if applicant knew of the disqualification and did not disclose his knowledge, to reverse his conviction would be a manipulation of the judicial process. The State's contention, although not stated, appears to be that applicant, by failing to bring the disqualification to the judge's attention before or during the trial, waived any error.

We concede that an argument could be made that if the judge had *no* knowledge of the prohibited relationship beforehand, there could be no bias, for one side or the other. However, such an argument is inconsistent with the long line of cases holding to the contrary.

In *Gresham v. State,* 43 Tex.Cr.R. 466, 66 S.W. 845 (Tex.Cr.App.1902), this Court specifically held that if a judge disqualified by law renders a judgment, it is absolutely null and void. A statutory disqualification affects jurisdiction, and if violated, the court is without the power to hear the case. See *Lee v. State,* supra, at 124; *Ex parte Washington,* supra. Even if the parties consent, there can be no waiver of these provisions. See *Woodland v. State,* 147 Tex.Cr.R. 84, 178 S.W.2d 528 (Tex.Cr.App. 1944); *Ex parte Washington,* supra. We have recently held the provisions of Art. 30.01, V.A.C.C.P., mandatory when the judge had previously been counsel in the same case. See *Ex parte Miller,* 696 S.W.2d 908 (Tex.Cr.App.1985).

These cases make no mention of the relevance of knowledge on the judge's part. We find the state's position without merit.

Additionally, if we were to hold that the existence or lack of knowledge was to be the determining factor in resolving cases such as the one before us, appellate courts would then be deciding cases based upon whether the judge subjectively knew of his relation to a defendant on a case by case basis. The possibility of creating an image to the public of judicial impropriety would be inherent, whether it actually existed or not. For these reasons we decline to hold that an Article 30.01 disqualification be based on the subjective knowledge of the judge.

While we in no way question the integrity of the trial judge in the case at bar, we feel that an absolute rule, unaffected by the existence of knowledge to the judge of his close relation to the defendant, assures the public that in all instances there will be *no* possibility of bias. We would note that

the Supreme Court of Texas has reached the same rule to govern in civil cases. See *Indemnity Insurance Company of North America v. McGee,* 163 Tex. 412, 356 S.W.2d 666 (Tex.1962).

Accordingly we hold the judgment of the 252nd District Court null and void, and the applicant is remanded to the custody of the Sheriff of Jefferson County to answer the indictment in trial cause no. 40488.