John Lavert JOHNSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 052–93.

Court of Criminal Appeals of Texas, En Banc.

Jan. 12, 1994.

Bill Wischkaemper, Lubbock, for appellant.

James Eidson, Dist. Atty., and Nelda F. Williams, Asst. Dist. Atty., Abilene, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

A jury found appellant, John Lavert Johnson, Jr., guilty of the misdemeanor offense of driving while intoxicated. *See* Tex.Rev.Civ. Stat. art. 6701*l*–1(b). The trial judge assessed punishment at confinement in the

county jail for 60 days and a $1,000 fine. The Eleventh Court of Appeals affirmed. *Johnson v. State*, 841 S.W.2d 562 (Tex. App.—Eastland 1992). We granted appellant's petition for discretionary review, pursuant to Texas Rule of Appellate Procedure 200(c)(3), to determine whether the court of appeals erred in holding that any objection concerning the jurisdiction of the trial judge could not be raised for the first time on appeal and whether the trial judge had the jurisdiction, power, and authority to act in appellant's trial. We will reverse the judgment of the court of appeals.

The information charging appellant with driving while intoxicated was presented in County Court at Law No. 1 of Taylor County. Judge Jack Grant, the regularly elected judge of that court, recused himself prior to appellant's trial. Purportedly acting pursuant to Texas Government Code § 74.121(a),[1] Judge Jess Holloway, the judge of the constitutional county court of Taylor County, substituted for Judge Grant in County Court at Law No. 1. A jury subsequently convicted appellant.

On appeal, appellant argued that the substitution of Judge Holloway for Judge Grant was improper under Texas Code of Criminal Procedure articles 30.03 through 30.05. In its opinion, the court of appeals first observed that the law governing the substitution of Judge Holloway for Judge Grant was contained in Texas Government Code § 74.-121(a), which authorizes, subject to certain conditions, the exchange of benches between judges of statutory and constitutional county courts. The court of appeals then noted that § 74.121(a) contains the following proviso:

A judge may not sit or act in a case unless it is within the jurisdiction of his court.

The court of appeals further noted that, since Judge Holloway's court, the constitutional county court of Taylor County, lacked criminal jurisdiction, Judge Holloway could not lawfully substitute for Judge Grant in appellant's case.[2] The court of appeals held, however, that "any objection to Judge Holloway's sitting in this case should have been urged in a timely manner. See TEX.R.APP.P. 52(a)."[3] *Johnson v. State*, 841 S.W.2d at 565.

In his petition for discretionary review, appellant now argues that the court of appeals erred in holding that any objection to Judge Holloway sitting in place of Judge Grant was waived by his failure to object at trial.[4] We agree. We have held previously that the lack of a qualified judge affects the

---

1. Texas Government Code § 74.121(a) states in part:

   The judges of constitutional county courts, statutory county courts, justice courts, and small claims courts in a county.... may exchange benches and courtrooms with each other so that if one is absent, disabled, or disqualified, the other may hold court for him without the necessity of transferring the case.

2. Texas Government Code § 26.321 states: "The County Court of Taylor County has the general jurisdiction of a probate court but has no other criminal or civil jurisdiction."

3. Texas Rule of Appellate Procedure 52(a) states in part:

   In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.

4. Appellant first argued the issue of the trial judge's jurisdiction in his motion for rehearing filed in the court of appeals. In *Rochelle v. State*, 791 S.W.2d 121, 124–25 (Tex.Crim.App.1990), we stated:

   If a party raises a new ground for the first time on motion for rehearing, we believe the clear import of the rules is that the decision of whether to consider that new matter is left to the sound discretion of the appellate court. In the absence of any indication to the contrary, such as a written opinion on rehearing, we will assume that the court of appeals declined, in its discretion, to consider the new matter. Thus, the overruling of such a motion for rehearing, without written opinion, will not be considered a ruling on an issue "necessary to final disposition of the appeal" and thus will not be a part of the decision of the court of appeals upon which we will base review. Rule 200(a).

   In *Rochelle*, the court of appeals held that the indictment presented to the trial court in the defendant's trial was fatally defective. The court of appeals' opinion was silent on the issue of whether appellant had waived objection to the indictment. In its motion for rehearing, the state argued, for the first time, that appellant had waived any objection to the indictment by failing to move to quash the indictment prior to trial.

jurisdiction of a court. *Ex parte Vivier,* 699 S.W.2d 862, 863 (Tex.Crim.App.1985). A challenge to a judge's qualifications may be raised at any time; it is not waived by failure to object at trial. *Id.; see also Ex parte Washington,* 442 S.W.2d 391, 393 (Tex.Crim. App.1969). The reason for this is that any judgment rendered by a judge lacking qualifications is void as a matter of law.[5] *Vivier* at 863; *see also Ex parte Miller,* 696 S.W.2d 908, 910 (Tex.Crim.App.1985). It is well-settled that "[t]ime, place, and an *authorized officer* are essential constituents of the organization of a court; that is to say, in order to constitute a court a *duly authorized officer* must be present at the time and place appointed by law." 21 C.J.S. *Courts* § 3 (1990) (emphasis added).

▮ Judge Holloway, as judge of the constitutional county court of Taylor County, lacked authority to preside over a criminal trial. *See* Tex.Gov't Code § 26.321. Appellant's failure to raise this issue at trial did not waive the error.

The judgment of the court of appeals is REVERSED and the cause REMANDED to the County Court at Law No. 1 of Taylor County for further proceedings.

MILLER and WHITE, JJ., dissent.

---

The facts before us in this case differ fundamentally from those presented in *Rochelle.* In this case, the court of appeals addressed the issue of the trial judge's jurisdiction in its original written opinion. *See Johnson v. State,* 841 S.W.2d at 565.

5. On the surface, this question would appear to be settled by our holding in *Studer v. State,* 799 S.W.2d 263 (Tex.Crim.App.1990). In *Studer* we held, in conformity with the 1985 amendments to the Texas Constitution and the Texas Code of Criminal Procedure, that the presentment of an indictment or information to a trial court invests that court with jurisdiction. However, in *State v. Hall,* 829 S.W.2d 184, 188 (Tex.Crim.App.1992), we observed:

Although the language [of Texas Constitution article V, § 12(b)] is apparently sweeping, we recognized in *Studer* that the original understanding of this language was that it would only overrule "the line of cases [from this Court] holding that a fundamental error in a charging instrument deprives the [trial] court of jurisdiction of the case." *Studer,* 799 S.W.2d at 269 (quoting Texas Legislative Council report). We went on to note that the extensive legislative history showed that "the perceived evil [the Texas Legislature was] correcting was the raising of indictment defects for the first time after a trial and conviction and the subsequent reversal of that conviction because of that defect." *Id.* at 270–71.

Neither our holding in *Studer* nor any other jurisprudential notion would allow a judgment to stand simply because an indictment or information was filed in a court having subject matter jurisdiction. Consonant with this is the proposition that the judge purporting to act in that court has the jurisdiction, power, or authority to act in that case. If he does not, then the proceeding is a nullity, notwithstanding the notion that the State's pleading was filed in the proper "court."