

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. PD-0713-07

**CHARLES DAVID WHITEHEAD, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## IN CAUSE NO. 11-05-00240-CR FROM THE ELEVENTH COURT OF APPEALS
## EASTLAND COUNTY

HOLCOMB, J., delivered the opinion of the Court, in which MEYERS,
PRICE, WOMACK, JOHNSON, and COCHRAN, JJ., joined. JOHNSON, J., also
filed a concurring opinion, in which COCHRAN, J., joined. KELLER, P.J.,
filed a dissenting opinion, in which KEASLER and HERVEY, JJ., joined.

The court of appeals held that the trial court judge was not statutorily disqualified from

presiding over appellant's trial. We reverse.

On April 24, 2000, appellant pled guilty before the trial court to the felony offense of

indecency with a child.[1] The trial court assessed appellant's punishment at imprisonment for four years but suspended imposition of that sentence and placed him on community supervision for four years. At some point thereafter – the record does not reflect the precise date – the State filed a motion to revoke appellant's community supervision.

On August 14, 2003, the trial court held an evidentiary hearing on the State's motion to revoke. Among the State's witnesses at that hearing were appellant's probation officer, Mr. Joe Tucker, and appellant's therapist, Ms. Jan Keith. At the conclusion of the hearing, the trial court revoked appellant's community supervision and sentenced him to imprisonment for four years.

On August 15, 2003, appellant, who was incarcerated in the Eastland County Jail awaiting transfer to a state prison, sent a letter to his girlfriend. In the letter, appellant wrote, among other things, "I live to get out and kill that Judge, Mrs. Keith, Tucker, and their families and pets, and rape their women and children in front of them. That will teach them!" A jailer read appellant's letter during her routine monitoring of outgoing, non-privileged inmate mail, and she notified the appropriate authorities of the letter's threatening contents.

On January 15, 2004, an Eastland County grand jury returned an indictment charging appellant with the felony offense of retaliation.[2] The indictment alleged that, on or about August 15, 2003, in Eastland County, appellant "did then and there intentionally and knowingly threaten to harm

---

[1] The Honorable Steven R. Herod, judge of the 91st District Court, presided at all the trial court proceedings discussed herein.

[2] Texas Penal Code § 36.06(a) provides, in pertinent part, that "[a] person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service or status of another as a public servant, witness, prospective witness, or informant." It is no defense to prosecution under this statute that the party threatened was not present when the threat was made. *Doyle v. State*, 661 S.W.2d 726, 728 (Tex.Crim.App. 1983).

another, to-wit: Joe Tucker, by an unlawful act, to-wit: threatening to kill Joe Tucker in retaliation for and on account of the status of Joe Tucker as a witness."

On June 20, 2005, the State brought appellant to trial under the indictment on his plea of not guilty. The evidence presented at the trial, which evidence included a photocopy of appellant's letter, was to the effect that he had threatened Judge Herod, Ms. Keith, and Mr. Tucker because they had participated in the August 14, 2003, revocation hearing. Three times during appellant's trial, Judge Herod was specifically mentioned by name, before the jury, as one of those that appellant had threatened in the letter.

After hearing all of the evidence at the guilt stage, the jury found appellant guilty of retaliation as charged in the indictment. After hearing additional evidence at the punishment stage, the jury assessed appellant's punishment, enhanced by his prior felony conviction for indecency with a child, at imprisonment for fifteen years and a fine of $10,000.

On direct appeal, appellant, citing Article 30.01 of the Texas Code of Criminal Procedure, argued for the first time that the trial court's judgment was void because Judge Herod, as one of those threatened in appellant's letter, had been disqualified from presiding at his trial.[3] Appellant

---

[3] We have long recognized, and held, that if a trial court judge is disqualified under Article 30.01 from presiding at a trial, then any resulting judgment is a nullity and may be challenged for the first time on appeal. *See Wilson v. State*, 977 S.W.2d 379, 380 n. 3 (Tex.Crim.App. 1998); *Davis v. State*, 956 S.W.2d 555, 559 (Tex.Crim.App. 1997); *Johnson v. State*, 869 S.W.2d 347, 348-349 (Tex.Crim.App. 1994); *Gamez v. State*, 737 S.W.2d 315, 318 (Tex.Crim.App. 1987); *Ex parte Vivier*, 699 S.W.2d 862, 863 (Tex.Crim.App. 1985); *Lee v. State*, 555 S.W.2d 121, 124 (Tex.Crim.App. 1977); *Gresham v. State*, 66 S.W. 845, 845 (Tex.Crim.App. 1902); *January v. State*, 38 S.W. 179, 180 (Tex.Crim.App. 1896); G. Dix & R. Dawson, *Texas Practice: Criminal Practice and Procedure* § 42.259 (2nd ed. 2001). The dissent concedes that these "prior cases do say that the statutory disqualification of the trial judge can be raised for the first time on appeal" but argues that "[w]e should revisit the issue" despite the fact that in the instant case, the State has never questioned the correctness of this line of cases, the

(continued...)

argued further that Article 30.01 reflected a "compelling policy protecting against the appearance of judicial bias" and that "[s]imply because injury to Judge Herod [was] not alleged [in the indictment did] not diminish the statutory concern that he would be perceived by the public as a biased arbiter of a case arising out of the writing of this letter."

In its reply brief, the State conceded that the statutory disqualification of a trial court judge may be raised for the first time on appeal, but the State argued that "Judge Herod [was] not disqualified from hearing this case" because, "[w]hile appellant [did] threaten Judge Herod in the same manner he threatened Joe Tucker," "[t]he indictment [did] not allege any action of retaliation by appellant towards Judge Herod."

The court of appeals agreed with the parties that the statutory disqualification of a trial court judge may be raised for the first time on appeal, but the court rejected the argument that Judge Herod was disqualified in this case. *Whitehead v. State*, 220 S.W.3d 171, 174 (Tex.App.–Eastland 2007). The court reasoned that, within the meaning of Article 30.01, a trial court judge, in any particular case, is disqualified from presiding at the trial only if he is a victim named in the indictment. *Ibid*. "Judge Herod was not disqualified," the court explained, "because he was not an injured party *in this case*. The injured party in this case was Joe Tucker." *Ibid.* (emphasis in original).

Appellant later filed a petition for discretionary review, which we granted. *See* Tex. R. App. Proc. 66.3(d). In his petition and accompanying brief, appellant contends that the court of appeals

---

[3](...continued)
court of appeals did not address it, and we did not grant review to consider it. We reject the dissent's argument. We are a reviewing court, and it is neither proper nor our usual practice to consider issues that have not been presented to and addressed by the court of appeals. *See* G. Dix & R. Dawson, 43A *Texas Practice: Criminal Practice and Procedure* §§ 44.21 & 44.24 (2nd ed. 2001 & Supp. 2007-2008) and cases cited therein.

interpreted Article 30.01 too narrowly, and that Judge Herod was, in this case, an injured party within the meaning of the statute even though he was not a victim named in the indictment. Appellant argues further that the purpose of Article 30.01 is to "disqualify the [trial court] judge in certain select situations where the public might think the judge is too close to the incident in question," and that "[r]eading the plain language of the statute in its entirety unambiguously disqualifies a judge who may have been injured in the same [criminal] transaction as the victim alleged in the indictment." "To hold otherwise," appellant continues, "would mean that the purpose of this vital statute could be easily thwarted by artful pleading on the State's part." In its reply brief, the State continues to insist that Judge Herod was not, in this case, an injured party within the meaning of the statute because he was not the victim named in the indictment.

Article 30.01 provides:

"No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree, as determined under Chapter 573, Government Code."

The earliest version of this statute was enacted in 1879, and it was identical in all pertinent respects to the present version. *See January v. State*, 38 S.W. 179, 179 (Tex.Crim.App. 1896).

As we have noted, the court of appeals held that, within the meaning of Article 30.01, a trial court judge, in any particular case, "may be the party injured" only if he is a victim named in the indictment. We must determine whether the court of appeals interpreted the statute correctly.

When we interpret a statute such as Article 30.01, our constitutional duty is to determine and give effect to the apparent intent of the legislators who voted for it. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App. 1991). In determining this apparent legislative intent, we focus our attention

on the text of the statute and ask ourselves, how would ordinary legislators have understood that text? *Lanford v. Fourteenth Court of Appeals*, 847 S.W.2d 581, 586 (Tex.Crim.App. 1993).

Focusing on the text of Article 30.01, we think it apparent that the legislators who voted for it intended to ensure that criminal justice was administered free from bias or the appearance of bias. Certainly, a trial court judge who was a victim of the defendant might be biased against him or at least appear to be so, and allowing such a judge to preside over the defendant's trial would threaten the fair administration of justice and bring disrepute upon the judiciary. The legislators who voted for Article 30.01 may also have been trying to avoid the spectacle of having a trial court judge preside over a trial in which he, as a victim, might be called as a witness. *See* Tex. R. Evid. 605.

Although we are reasonably certain of the apparent intent underlying Article 30.01, we are somewhat less certain of the statute's exact meaning. It seems to us that the statute's first clause, the one in question today, commanding that "[n]o judge or justice of the peace shall sit in any case where he may be the party injured," is fairly susceptible to two interpretations. One could read that clause as the court of appeals did and conclude that a judge, in any particular criminal prosecution, "may be the party injured" only if he is a victim named in the indictment. Under that interpretation, both the judge and the parties would know before trial that he was statutorily disqualified and could conduct themselves accordingly. On the other hand, if one bore in mind the apparent intent underlying Article 30.01 and the fact that the opening clause of the statute contains the language "may be the party injured" and not "may be the party named in the indictment," one could read the opening clause as appellant does and conclude that a judge, in any particular criminal prosecution, "may be the party injured" if the evidence shows that he was among the defendant's victims in the criminal transaction or episode at issue.

Given this ambiguity in the statute, we may legitimately consider, in arriving at a sensible interpretation, such extratextual factors as legislative history or the probable consequences of a particular interpretation. *Lanford v. Fourteenth Court of Appeals*, 847 S.W.2d at 587. Unfortunately, we know of no existing legislative history. Nevertheless, we conclude that the interpretation of the statute suggested by appellant will better advance the apparent intent of the legislators who voted for the statute. Thus, we interpret the opening clause of Article 30.01 to mean that a trial court judge, in any particular criminal prosecution, "may be the party injured," and is therefore disqualified from presiding, if the evidence shows that he was among the defendant's victims in the criminal transaction or episode at issue, such that a reasonable person would harbor doubts as to the judge's impartiality.

Because the evidence adduced at appellant's trial showed that Judge Herod was one of appellant's victims in the criminal transaction at issue (appellant's letter of August 15, 2003), such that a reasonable person would harbor doubts as to his impartiality, Judge Herod was statutorily disqualified from presiding at appellant's trial, and the resulting judgment of conviction was a nullity. We sustain appellant's ground for review.

It is not our intent, by this holding, to cast a shadow upon the trial judge. We have no doubt that his integrity is of the highest and that he would have recused himself had a motion for recusal been filed.

We reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings consistent with this opinion.

DELIVERED JUNE 25, 2008

PUBLISH