

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,340

### EX PARTE CHARLES JOHN SINEGAR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 92880 IN THE 252ND JUDICIAL DISTRICT COURT
### FROM JEFFERSON COUNTY

PER CURIAM.

## OPINION

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded no contest to aggravated kidnapping and received ten years of deferred adjudication community supervision. His guilty was later adjudicated and he was sentenced to seventy-five years' imprisonment.

Applicant alleges, *inter alia*, that his counsel at the adjudication proceedings rendered ineffective assistance because counsel did not move to recuse or disqualify the judge presiding over the adjudication on the basis that one of the allegations in the State's motion to adjudicate guilt was

that Applicant personally threatened the trial judge.

The habeas court has determined that the adjudicating judge was disqualified from presiding over that matter because the judge was alleged to be the party injured in the case. TEX. CODE CRIM. PROC. 30.01. The habeas court also notes this Court's holdings that if a judge disqualified by law renders a judgment, that judgment is null and void. *See Ex parte Vivier*, 699 S.W.2d 862, 863 (Tex. Crim. App. 1985), *citing Gresham v. State*, 43 Tex. Crim. 466 (Tex. Crim. App. 1902). The habeas court concludes that the judgment adjudicating guilt in this case is void, and it is unnecessary to address whether Applicant's adjudication counsel was ineffective.

We find, therefore, that Applicant is entitled to relief. The judgment adjudicating guilt in Cause No. 92880 from the 252nd Judicial District Court of Jefferson County is set aside, and Applicant is remanded to the custody of the sheriff of Jefferson County to answer the allegations as set out in the State's motion to adjudicate guilt. The judge who rendered the void judgment adjudicating guilt is disqualified from presiding over the new adjudication proceedings. The presiding judge of the Second Administrative Judicial Region shall appoint a new judge to preside over the adjudication proceedings. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 14, 2011
Do Not Publish