# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00553-CR

**Walter Demond, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BLANCO COUNTY, 424TH JUDICIAL DISTRICT
### NO. CR-1016, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Walter Demond guilty of misapplication of fiduciary property, theft, and money laundering. *See* Tex. Penal Code §§ 31.03, 32.45, 34.02. The jury assessed punishment at ten years' imprisonment for each offense, but recommended that the sentences be suspended and Demond be placed on community supervision. Among his several appellate issues, Demond asserts that (1) the trial judge, the Honorable Daniel H. Mills, was disqualified from the case and (2) the assigned judge erred in failing to recuse Judge Mills.[1] We will abate and remand this appeal.

The factual background of this case is discussed in this Court's opinion in *Fuelberg v. State*, __ S.W.3d __, No. 03-11-003147-CR (Tex. App.—Austin Aug. 27, 2013, no pet. h.), and

---

[1] Demond also asserts, among other things, that the evidence is insufficient to support his convictions, his convictions violate the prohibition against double jeopardy, and the terms of his community supervision are invalid.

will not be fully repeated here.  The State alleged that between November 1996 and March 2007, Bennie Fuelberg, the general manager of the Pedernales Electric Cooperative (PEC), conspired with Demond to funnel over $200,000 in PEC funds through Demond's law firm to Fuelberg's brother and the son of a former PEC board member.

Prior to trial, Fuelberg and Demond filed identical motions to disqualify or, alternatively, recuse Judge Mills from their respective cases.  The motions asserted that as a PEC member, Judge Mills had a financial interest in the outcome of the trial and was a putative victim of the alleged offenses.  Following a brief discussion with the parties, Judge Mills declined to voluntarily recuse himself and referred the motions to the presiding judge, who assigned the motions to the Honorable Bert Richardson.  *See* Tex. R. Civ. P. 18a (prescribing procedure for resolving motions to disqualify and recuse).[2]  Judge Richardson conducted a hearing, after which he denied Fuelberg's and Demond's motions.  Fuelberg and Demond filed petitions for writ of mandamus, seeking orders from this Court directing Judge Richardson to reverse his rulings.  This Court denied the mandamus petitions.  *See In re Demond*, No. 03-10-00024-CV, 2010 Tex. App. LEXIS 1256, at *2–4 (Tex. App.—Austin Feb. 19, 2010, orig. proceeding [leave denied]) (mem. op.).

In this direct appeal, Demond asserts that Judge Mills was disqualified and should have been recused because he had a financial interest in this case and is a putative victim of the offenses alleged.  These appellate issues and the arguments made are identical to those raised and addressed in *Fuelberg*, __ S.W.3d at __, No. 03-11-00317-CR, issued this date.  In that opinion, we

---

[2]  Although Fuelberg and Demond were tried separately, they filed identical motions to disqualify and recuse Judge Mills, and Judge Richardson conducted a single hearing for both Fuelberg's and Demond's motions.

concluded that Judge Mills did not have a disqualifying pecuniary interest in Fuelberg's case. However, we also concluded that Judge Richardson erred in failing to apply an objective reasonable-person standard to the issues of whether (1) Judge Mills was disqualified as a "party injured" under article 30.01 of the Code of Criminal Procedure and (2) Judge Mills should have been recused because his impartiality might reasonably be questioned. *See Whitehead v. State*, 273 S.W.3d 285, 286 (Tex. Crim. App. 2008); *Ex parte Ellis*, 275 S.W.3d 109, 115–17 (Tex. App.—Austin 2008, no pet.). We do not repeat that discussion here. The record and arguments in this case are identical to those in *Fuelberg* with respect to the disqualification and recusal issues.

For the reasons stated in our opinion in *Fuelberg*, we overrule Demond's complaint that Judge Mills was disqualified based on his alleged pecuniary interest in the subject-matter of this case. We abate this appeal and remand this cause for a new hearing, with instructions to address whether, under an objective reasonable-person standard, Judge Mills (1) was disqualified as an interested party, *see Whitehead*, 273 S.W.3d at 286, or (2) should have been recused because his impartiality might reasonably be questioned, *see* Tex. R. Civ. P. 18b(b)(1).[3]

The district court shall submit to this Court its findings and conclusions, along with a transcription of the hearing, in a supplemental clerk's record and reporter's record on or before October 28, 2013. At that time, we may request additional briefing from the parties as necessary.

---

[3] Because we are abating this appeal and remanding this case for a new disqualification and recusal hearing, we need not reach Demond's remaining appellate issues at this time. *See* Tex. R. App. P. 47.1 (requiring appellate courts to hand down opinions that are as brief as possible while addressing those issues necessary to final disposition of appeal)**.**

3

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton, and Field

Abated

Filed:   August 27, 2013

Do Not Publish