**Affirm and Opinion Filed September 18, 2013**



## In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-12-01585-CR

### GLEN DALE ROBERSON, Appellant
V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 061372**

### MEMORANDUM OPINION
Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Francis

A jury convicted Glen Dale Roberson of possession of marijuana in the amount of fifty pounds or less but more than five pounds and assessed punishment at ten years in prison and a $10,000 fine. In two issues, appellant argues there was insufficient evidence to corroborate the testimony of an accomplice-witness and the trial judge was disqualified from presiding over the trial. Because we conclude both issues are without merit, we affirm.

Sherman Police Officer Michael Young, who is trained in drug interdiction and is a K-9 unit, testified he stopped a car for speeding on U.S. 75. As he approached the vehicle, the driver rolled down the window and Young smelled a "strong odor" of raw, unburnt marijuana. The driver was identified as William Roberson; his brother, appellant, was the passenger. The men were traveling in a hatchback vehicle, and Young could see wrapped gifts and a "grow light" in

plain view. Young said a grow light is used to cultivate marijuana. The officer called for assistance, had both men exit the vehicle, and placed them both in handcuffs as a safety measure. He then had his drug dog conduct an open air search.

After a second officer arrived, Young searched the car. When he opened the wrapped boxes, he found ten bags of marijuana amounting to 9.37 pounds. Coffee grounds were sprinkled inside the boxes, and Young explained the grounds were commonly used to mask the scent of marijuana. One of the boxes had a mailing label addressed to appellant's son; the box came from Ness Electric, which Young said he later learned sells the exact grow light found in the car. The officers also found a generator, which Young said was a power source for the grow light, and an unloaded semiautomatic weapon.

Young testified that during the search, both men were "very agitated." Young said appellant "kept turning his back" to the vehicle, which Young believed from training and experience suggested that appellant did not want to watch what was about to be found. Young said the men told him they had been in Fort Worth for a couple of days, but there was nothing in the vehicle, such as extra clothing or luggage, to support they were overnight travelers. Given his training and experience, Young said he believed the men were not telling the truth and were in fact on a drug run. He explained a drug run involved a person leaving his hometown, driving to a source city, picking up drugs, and driving straight back without staying overnight.

Young arrested both men and asked if either had anything illegal on them. William said he had two bags of marijuana on him, which the officer seized, but appellant said he did not have anything. After both men were patted down for weapons, they were transported to jail by Officer Timothy Gann. Gann testified appellant was placed in the back seat of the patrol car on the

driver side.  After the transport, Gann found a small baggie of marijuana on the rear floorboard under the driver's seat that was not there before the transport.

William testified he had pleaded guilty to the offense and, as a condition of his probation, was required by the trial judge to testify truthfully at appellant's trial.  William said that although he claimed ownership of the drugs at the scene, he and appellant were "equally culpable."  He testified they left Arkansas early that morning to drive to Texas to get drugs.  They had been on similar trips before.  On this occasion, they did not have a particular person to buy from, but had "someone in mind" with whom they had previously dealt.

William said he and appellant drove to the house of appellant's ex-wife in Haltom City and contacted the seller, ultimately meeting him that evening at a liquor store parking lot and paying $5000 for the marijuana.  They went back to the ex-wife's house, put the drugs in boxes, and wrapped the boxes as presents.  William testified he did not know how much, if any, of the money used to purchase the marijuana came from appellant.  William provided most of the money, and the rest came from other people in Arkansas.  They planned to sell the marijuana. He acknowledged changing his story two or three times.

Appellant's ex-wife testified on his behalf.  She was out of town when this incident occurred but said appellant had a key to her house.  She explained the box addressed to her son containing marijuana had been at her house.  She said her son had ordered a grow light for her plants.  She also testified that after this incident, William had shown up at her house on several occasions, and she suspected he was using her house as a place to package marijuana.  She explained that on one occasion, she came home after William left and found wrapping paper, plastic bags, and marijuana seeds in her garage.

In his first issue, appellant contends the evidence is insufficient to corroborate the testimony of William, who was an accomplice as a matter of law. The accomplice-witness rule provides that a conviction cannot stand on accomplice testimony unless it is corroborated by other evidence tending to connect the defendant to the offense. TEX. CODE CRIM. PROC. ANN. art. 38.14 (2005). In making our review, we eliminate all of the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the offense. *Castillo v. State*, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007). The corroborating evidence need not be sufficient by itself to establish guilt; there simply needs to be "other" evidence "tending to connect" the defendant to the offense alleged in the indictment. *Id*.

The sufficiency of non-accomplice evidence is judged according to the particular facts and circumstances of each case. *Smith v. State*, 332 S.W.3d 425, 442 (Tex. Crim. App. 2011). The direct or circumstantial evidence is sufficient corroboration if it shows that rational jurors could have found it sufficiently tended to connect the accused to the offense. *Id*. If there are conflicting views of the evidence, the reviewing court should defer to the fact-finder's resolution of the evidence. *Id*. Evidence that the defendant was in the company of the accomplice at or near the time or place of the offense is proper corroborating evidence that may, when combined with other suspicious circumstances, sufficiently connect the defendant with the offense. *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997).

Here, appellant argues that after disregarding William's testimony, the only evidence "possibly" connecting him to the offense is the strong smell of raw marijuana, Officer Young's "speculation" that he showed consciousness of guilt by turning his back to the vehicle during the search, and the fact there was no luggage in the car. This evidence, however, suggests that

appellant knew the marijuana was in the car and was willing to be a party to a lie to the police officer about the length of the trip to hide its real purpose, both of which connect him to the marijuana. But even if we assumed this evidence would be insufficient corroboration, appellant ignores evidence that one of the wrapped boxes containing the marijuana had his son's shipping address and came from Ness Electronics, which Young determined sold a grow light like the one found in plain view in the back of the car. In addition, after appellant was transported to jail, a bag of marijuana was found in the patrol car near where appellant had been seated. Eliminating William's testimony, we conclude the remaining portions of the record tend to connect appellant to the commission of the offense. We overrule the first issue.

In his second issue, appellant contends the trial judge was constitutionally and statutorily disqualified from presiding over his trial. He complains the trial judge required his brother to testify against him as a condition of probation. By doing so, he argues the trial judge essentially acted as "of counsel" in appellant's case.

Article V, section 11 of the Texas Constitution prohibits a judge from sitting in any case in which "the judge shall have been counsel in the case." TEX. CONST. art. V, § 11. Similarly, article 30.01 of the Texas Code of Criminal Procedure provides that no judge shall sit in any case "where he has been of counsel for the State or the accused[.]" TEX. CODE CRIM. PROC. ANN. art. 30.01 (West 2006). The lack of a qualified judge affects the jurisdiction of the court. *Johnson v. State*, 869 S.W.2d 347, 348 (Tex. Crim. App. 1994). A challenge to a judge's qualifications may be raised at any time; it is not waived by failure to object at trial. *Id*.

Here, appellant argues the trial judge's actions in requiring William to testify as a condition of probation was the equivalent of acting as counsel in the case; thus, the judge was disqualified from hearing the case. He does not cite any case to support such an interpretation of

the constitution or statute, and this Court will not impose such a broad interpretation. Nothing in the record supports the conclusion the trial judge investigated, prepared, or otherwise acted as a prosecutor in appellant's case by imposing a condition of William's probation. In fact, other than William's brief testimony on the subject, our record contains nothing on the matter, including the conditions of probation. We overrule the second issue.

We affirm the trial court's judgment.

/Molly Francis/

MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121585F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GLEN DALE ROBERSON, Appellant

No. 05-12-01585-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. 061372.
Opinion delivered by Justice Francis;
Justices FitzGerald and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered September 18, 2013

/Molly Francis/

MOLLY FRANCIS
JUSTICE