PD-1537-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/23/2015 10:55:47 AM
Accepted 1/29/2015 10:37:14 AM
ABEL ACOSTA
CLERK

No. PD-1537-14

# In the Texas Court of Criminal Appeals

—————

BENNIE FUELBERG, PETITIONER

*v.*

STATE

—————

*ON PETITION FOR DISCRETIONARY REVIEW*
*FROM THE THIRD COURT OF APPEALS*

—————

## REPLY TO PETITION FOR DISCRETIONARY REVIEW

—————

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

SCOTT A. KELLER
Solicitor General

BILL DAVIS
Assistant Solicitor General
State Bar No. 24028280

DUSTIN M. HOWELL
Assistant Solicitor General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1896
Fax: (512) 370-9191
Bill.Davis@texasattorneygeneral.gov

FILED IN
COURT OF CRIMINAL APPEALS

January 29, 2015

ABEL ACOSTA, CLERK

**IDENTITY OF JUDGES, PARTIES, AND COUNSEL**

*Trial Court Judges*

The Honorable Dan Mills
The Honorable Bert Richardson (by assignment)[*]
424th District Court, Blanco County

*Parties to the Judgment*

Bennie Fuelberg
State of Texas

*Counsel for Appellant-Petitioner*

*Lead Appellate Counsel*
David L. Botsford
BOTSFORD & ROARK
1307 West Avenue
Austin, Texas 78701
dbotsford@aol.com

*Trial and Additional Appellate Counsel*
Chris Gunter
Gene Anthes
GUNTER & BENNETT, P.C.
600 West 9th Street
Austin, Texas 78701
Chris@GunterandBennett.com

Charles O. Grigson
604 W. 12th Street
Austin, Texas 78701
Grigson@flash.net

---

[*] Judge Richardson ruled on the judicial disqualification and recusal issues.

i

***Counsel for the State***

*Appellate Counsel*
Bill Davis
Dustin M. Howell
Assistant Solicitors General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Bill.Davis@texasattorneygeneral.gov

*Trial Counsel*
Eric Nichols[*]
Deputy Attorney General
Harry White
Tom Cloudt
Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 048)
Austin, Texas 78711-2548
Harry.White@texasattorneygeneral.gov

---

[*] Eric Nichols is no longer with the Office of the Attorney General.

# INDEX OF AUTHORITIES

## Cases

*Bates v. State*, 587 S.W.2d 121 (Tex. Crim. App. 1979) (en banc) ........................... 9

*Burkett v. State*, 196 S.W.3d 892 (Tex. App.—Texarkana 2006, no pet.) ................7

*Byrd v. State*, 187 S.W.3d 436 (Tex. Crim. App. 2005)....................................1, 9, 10

*Cameron v. Greenhill*, 582 S.W.2d 775 (Tex. 1979) (per curiam)..............................3

*Ex parte Ambrose*, 32 Tex. Crim. 468 (1893) ...........................................................7

*Ex parte Ellis*, 275 S.W.3d 109 (Tex. App.—Austin 2008, no pet.).........................3

*Hidalgo Cnty. Water Improvement Dist. No. 2 v. Blalock*, 301 S.W.2d
   593 (Tex. 1957) ................................................................................................3, 5

*Meador v. State*, 812 S.W.2d 330 (Tex. Crim. App. 1991) (en banc)........................ 9

*N.Y. Life Ins. Co. v. Sides*, 101 S.W. 1163 (Tex. Civ. App. 1907, no writ) ................ 4

*Richardson v. State*, 4 S.W.2d 79 (Tex. Crim. App. 1928) ........................................3

*Sovereign Camp, Woodmen of the World v. Hale*, 120 S.W. 539 (Tex.
   Civ. App. 1909, no writ)...................................................................................... 4

*Spann v. State*, 448 S.W.2d 128 (Tex. Crim. App. 1969) ........................................10

*United States v. Godinez*, 110 F.3d 448 (7th Cir. 1997) ........................................... 9

*Whitehead v. State*, 273 S.W.3d 285 (Tex. Crim. App. 2008)...................................7

## Constitutional Provisions, Statutes, and Rules

TEX. CONST. art. V, § 11 ...........................................................................................3

TEX. CODE CRIM. PROC. art. 30.01 ...................................................................6, 7, 8

Tex. Util. Code § 161.059 .................................................................... 4

Tex. Util. Code § 161.059(c)–(d) ......................................................... 4

Tex. R. App. P. 47.1 ............................................................................10

Tex. R. App. P. 66.3 ..............................................................................1

Tex. R. Evid. 801(d) .............................................................................10

Tex. R. Evid. 801(e)(2)(E) ............................................................... 9, 10

Tex. R. Evid. 803(24) ........................................................................ 11

## Other Authorities

PDR, *Demond v. State*, No. PD-1636-14 (Tex. Crim. App. Jan. 21, 2015) ............... 2

*In re Fuelberg*, No. WR-73,621 (Tex. Crim. App. Mar. 31, 2010),
    http://www.search.txcourts.gov/Case.aspx?cn=WR-73,621-01&coa=coscca ................ 2

No. PD-1537-14

# In the Texas Court of Criminal Appeals

BENNIE FUELBERG, PETITIONER

*v.*

STATE

*ON PETITION FOR DISCRETIONARY REVIEW
FROM THE THIRD COURT OF APPEALS*

## REPLY TO PETITION FOR DISCRETIONARY REVIEW

Despite its reference to the "conflict[]" language of Texas Rule of Appellate Procedure 66.3, *see* PDR 7, the petition for discretionary review identifies only one purported conflict on one of its three grounds. *See id.* at 22 (asserting that a portion of the court of appeals' analysis of Petitioner's hearsay objection conflicts with *Byrd v. State*, 187 S.W.3d 436, 443 (Tex. Crim. App. 2005)). But as explained below, the court of appeals' opinion does not conflict with *Byrd*, and none of the petition's grounds warrants review.

The first two grounds, concerning judicial disqualification and recusal, have a lengthy procedural history that includes an order from this Court denying leave to file a further petition for writ of mandamus seeking the same relief that Petitioner

requests again now. *See In re Fuelberg*, No. WR-73,621-01 (Tex. Crim. App. Mar. 31, 2010), http://www.search.txcourts.gov/Case.aspx?cn=WR-73,621-01&coa=cos cca; App. Tab 1 at 2–3. That disposition was correct, and there is no reason to revisit it. *See* PDR at xi, *Demond v. State*, No. PD-1636-14 (Tex. Crim. App. Jan. 21, 2015) (relegating the same points to an unauthorized "[u]nbriefed [i]ssue"). The third ground concerns only a factbound analysis of hearsay objections, and the evidence at issue was admissible under multiple theories. Because the petition fails to identify any valid reason for granting review, it should be denied.[1]

1. Petitioner properly asserted his judicial disqualification and recusal objections before his 2010 trial, when a decision sustaining them would have avoided the substantial waste of conducting a nine-day trial before a judge who could not properly hear the case. *See* App. Tab 1 at 2–3. But Judge Mills was not in fact disqualified or required to recuse himself, as the court of appeals determined in an opinion that this Court declined to disturb. *See id.* Although Petitioner's renewal

---

1. In this reply, "App." refers to the appendix to the petition for discretionary review, "CR" to the clerk's record, "RR" to the reporter's record, "Sx" to State's exhibits, "SCR" and "SRR" to the supplemental clerk's and reporter's records of the most recent disqualification proceedings, and "JDx" to joint defense exhibits admitted during those proceedings. The lack of record citations in the petition for discretionary review makes confirmation of its specific factual assertions difficult. The relevant facts, however, are described in the court of appeals' opinions.

of these assertions after his conviction resulted in additional opinions by both Judge Richardson and the court of appeals, *see* App. Tabs 1–3, the law has not changed. Petitioner's arguments still lack merit, and they do not provide a basis for discretionary review.

a. Contrary to Petitioner's contentions, *see* PDR 10–14, the court of appeals' analysis of disqualification under Article V, § 11 of the Texas Constitution is soundly based in precedent. Judicial disqualification requires certainty. Where "the result of the suit will not *necessarily* subject [the judge] to a personal gain or loss, he is not disqualified," but rather has a duty to decide the case. *Hidalgo Cnty. Water Improvement Dist. No. 2 v. Blalock*, 301 S.W.2d 593, 596 (Tex. 1957) (emphasis added); *Ex parte Ellis*, 275 S.W.3d 109, 115 (Tex. App.—Austin 2008, no pet.). A disqualifying interest must be direct, and not "uncertain[] or remote." *Hidalgo Cnty.*, 301 S.W.2d at 596; *accord Cameron v. Greenhill*, 582 S.W.2d 775, 776 (Tex. 1979) (per curiam); *Richardson v. State*, 4 S.W.2d 79, 81 (Tex. Crim. App. 1928). Under this precedent, the court of appeals correctly determined that Judge Mills was not disqualified simply because Pedernales Electric Cooperative ("PEC"), a nonparty to this criminal case, was his electricity provider. App. Tab 1 at 4–12.

Petitioner's effort to equate Judge Mills's membership in PEC with a judge's ownership of stock in a party to litigation, PDR 10–12, fails for several reasons. As

3

an initial matter, Petitioner does not challenge the court of appeals' observation that "PEC members' capital credit accounts operate as an accounting tool . . . and in no way equate to an ownership interest in the PEC," App. Tab 1 at 9, and he fails to acknowledge that the decisions he cites, PDR 11, require a "direct[]" financial stake in a company that would "necessarily" be affected by the case at hand. *N.Y. Life Ins. Co. v. Sides*, 101 S.W. 1163, 1163 (Tex. Civ. App. 1907, no writ); *accord Sovereign Camp, Woodmen of the World v. Hale*, 120 S.W. 539, 540 (Tex. Civ. App. 1909, no writ).

Additionally, Petitioner makes only a passing reference, *see* PDR 13 n.5, to Texas Utility Code section 161.059, which authorizes revenue distributions to PEC members only if, in the PEC board's opinion, reserves are not needed for "improvement, new construction, depreciation, and contingencies." TEX. UTIL. CODE § 161.059(c)–(d); *see* 12.RR.22, 47, 50, 59 (testimony of PEC accountant Mike Vollmer confirming that whether PEC members receive distributions is based on the PEC board's subjective determination). This provision further reflects why Petitioner could not make the requisite showing that "the result of the suit will . . .

*necessarily* subject [the judge] to a personal gain or loss." *Hidalgo Cnty.*, 301 S.W.2d at 596 (emphasis added).[2]

Significantly, Petitioner does not challenge the court of appeals' observation that Judge Mills "stood to gain only if [Petitioner] was convicted; Judge Mills, in his discretion, ordered [Petitioner] to pay restitution; the PEC increased the allocations to its members' capital credit accounts based on that restitution; and then the PEC Board, in its discretion, approved a distribution to its members from the increase in their capital credit accounts." App. Tab 1 at 11; *see id.* Tab 3 at 9 (adding that "[e]ven if all of those events occurred, Judge Mills stood to gain $5.00 at most from any potential restitution"). These contingencies reflect that Judge Mills's interest in PEC is comfortably removed from the type of "direct" interest that would require disqualification.

The petition's reference to a separate class action in which PEC members sued Petitioner and other former PEC officers and high-ranking employees for alleged mismanagement, PDR 12 & n.4; *see* JDx 11 (3.SRR.182–208), does not alter

---

2. As the court of appeals explained, a judge's "interest in obtaining lower electricity rates from the PEC [under section 161.059] is indistinguishable from that of a judge who is a customer of a public or regulated utility," and such an interest does not require disqualification under settled law. App. Tab 1 at 10; *see also id.* Tab 3 at 2 (noting that "[a]ny resident in the PEC's service area is required to join the PEC in order to receive electric service").

the analysis. Judge Mills was not a named plaintiff in that action, and there is no evidence that he played any role in it or even followed its progress. Indeed, during a status conference, Judge Mills stated that he did not "pretend to know all the terms and conditions of what was set out in that lawsuit," JDx 1 at 7 (3.SRR.9), and he expressed only vague awareness of the class-action settlement. *Id.* at 11 (3.SRR.13).

In fact, the class action was based on allegations distinct from those underlying these criminal proceedings. *Compare* JDx 11 at 4–6, 15–21 (3.SRR.185–87, 196–202) (class-action petition alleging misconduct arising from dealings with PEC subsidiary Envision Utility Software Corporation, management of PEC members' patronage capital, governance of PEC, supervision and compensation of PEC officers, violations of the Electric Cooperative Corporation Act, violations of PEC's articles of incorporation bylaws, and tortious interference with PEC members' contracts), *with* 1.CR.14–16 (Petitioner's indictment alleging misapplication of fiduciary property, theft, and money laundering, all in connection with payments to two individuals not mentioned in the class-action petition); *see* JDx 2 at 44 (3.SRR.62). Petitioner cites no authority suggesting that the mere existence of this separate, civil proceeding required disqualification.

b. Petitioner's arguments under article 30.01 of the Texas Code of Criminal Procedure are likewise unavailing. In the few cases finding a "party injured"

problem under this provision, the defendant had specifically targeted the trial judge. *Whitehead v. State*, 273 S.W.3d 285, 286 (Tex. Crim. App. 2008) (letter threatening the judge); *Ex parte Ambrose*, 32 Tex. Crim. 468, 470 (1893) (assault on the justice of the peace); *Burkett v. State*, 196 S.W.3d 892, 894 (Tex. App.—Texarkana 2006, no pet.) (letter threatening the judge). The *Whitehead* jury was also told several times that the defendant had specifically identified the judge in his threat letter. 273 S.W.3d at 286. Here, by contrast, there is no evidence that, at the time of the offenses, Petitioner was even aware that Judge Mills existed, much less that he was a PEC member or that the offenses at issue either injured or might have injured him. *See* SCR.72 (unchallenged finding that "[n]o evidence exists that Judge Mills was targeted specifically by [Petitioner]").

To find an article-30.01 violation here, the Court would have to conclude that a reasonable person would harbor doubts as to Judge Mills's impartiality, *see Whitehead*, 273 S.W.3d at 289, because the judge could potentially have been injured by Petitioner's crime to the tune of a few dollars at most—and only in the unlikely event that PEC's retention of the funds that the Appellants appropriated would have caused PEC's board, in its discretion, to approve a distribution to its members. *See* App. Tab 1 at 11; *id.* Tab 3 at 9; *see also* 22.RR.181–82 (evidence that Petitioner misdirected $716,000 of PEC funds at most); Disqualification Hearing

7

Sx 1 (14.RR.13) (listing PEC's 2008 operating revenues as $543,682,283, of which $716,000 is approximately 0.13%). No reasonable person would harbor such doubts, and there is no authority supporting disqualification under article 30.01 in a scenario similar to this one.

Petitioner's contrary assertions, *see* PDR 14–17, are easily answered. Because the statements and punishment-phase evidence that Petitioner alludes to do not speak in terms of Judge Mills specifically, they could not help show that he was targeted in a way that would make him a "party injured" under any decision construing article 30.01. The public-opinion poll that Petitioner references should be dismissed out of hand; courts do not outsource reasonable-person analysis to random segments of the general public, and like the petition's list of facts, the questions underlying that poll failed to acknowledge the indirect and *de minimis* nature of Judge's Mills's purported interest. *See* PDR 16 (misleadingly stating, for instance, the approximate value of Judge Mills's inaccessible capital account, rather than the string of events that would have to occur for Judge Mills to obtain $5 at most, *see* App. Tab 1 at 8–11; *id.* Tab 3 at 9). Finally, to the extent Petitioner bases his argument on a nonpecuniary interest, he failed to preserve error. *See* 1.CR.47-51 (amended disqualification and recusal motion based only on Judge Mills's pecuniary interest in PEC).

2. Petitioner's third ground likewise does not warrant review. Contrary to Petitioner's contentions, PDR 17–24, the court of appeals' Rule 801(e)(2)(E) analysis was correct, and it does not give rise to a conflict.

As this Court has explained, a conspiracy does not end "until everything has been done that was contemplated to be done by the conspirators." *Bates v. State*, 587 S.W.2d 121, 132 (Tex. Crim. App. 1979) (en banc) (internal quotation marks omitted). Because Rule 801(e)(2)(E) is not limited to prosecutions for conspiracy but instead applies to any offense, *Meador v. State*, 812 S.W.2d 330, 332 (Tex. Crim. App. 1991) (en banc), "[i]t is irrelevant that the [co-conspirator statements were] not made within the time frame charged in the indictment." *United States v. Godinez*, 110 F.3d 448, 454 (7th Cir. 1997); *cf.* PDR 17. The rule covers attempts to hinder apprehension, when doing so is a central objective of the crime. *Byrd*, 187 S.W.3d at 443.

Petitioner characterizes the transmission of PEC money to his brother Curtis and William Price as the sole criminal objective. PDR 17 & n.7. But Petitioner did not rob a bank and hope he wouldn't get caught; he funneled money out of his own organization, hoping that the unlawful transactions would never be noticed and that he could maintain his position of power at PEC. Ongoing concealment was essential to the crime's success, and as the court of appeals explained, the

testimony at issue satisfied both the "during the course" and "in furtherance of" elements of Rule 801(e)(2)(E). App. Tab 3 at 17–19.

Once again, Petitioner's contentions fail. The court of appeals' opinion does not conflict with *Byrd*, *see* PDR 22, which merely recognized that a rhetorical question that did not advance a conspiracy to hinder the defendant's apprehension was not covered by Rule 801(e)(2)(E). 187 S.W.3d at 443. Petitioner is left to argue that his case is distinguishable from the cases on which the court of appeals relied. *See* PDR 20–22. That argument only highlights the factbound nature of this case— undermining, rather than supporting, the request for discretionary review.[3]

Finally, even assuming Petitioner's Rule 801(e)(2)(E) assertions had merit, the result would not change. When a court properly admits evidence under an incorrect theory, there is no reversible error. *Spann v. State*, 448 S.W.2d 128, 130 (Tex. Crim. App. 1969). Some of the statements at issue, *see* PDR 22–24 & n.11, were not hearsay to begin with because they were offered not "to prove the truth of the matter asserted," TEX. R. EVID. 801(d), but rather to show how Petitioner's companion in crime lied in an effort to maintain the "business as usual" fiction,

---

3. Petitioner's Rule 47.1 argument, PDR 18 & n.8, also lacks merit. The court of appeals addressed each of Petitioner's issues and considered the relevant evidence, and it was not obliged to cite and distinguish every case Petitioner cited. It properly relied on apposite authorities, rather than the inapposite ones Petitioner advanced. *See* App. Tab 3 at 17–19.

and others were admissible under Rule 803(24) as statements against interest. In any event, Petitioner could not show harm; other evidence established not only that Petitioner was aware of the payments to his brother and Price, but also that he was an essential part of the criminal scheme. *See, e.g.*, 22.RR.176–79.

\* \* \* \* \*

The petition for discretionary review should be denied.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

SCOTT A. KELLER
Solicitor General

    /s/ Bill Davis
BILL DAVIS
Assistant Solicitor General
State Bar No. 24028280

DUSTIN M. HOWELL
Assistant Solicitor General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1896
Fax: (512) 370-9191
Bill.Davis@texasattorneygeneral.gov

## CERTIFICATE OF SERVICE

On January 23, 2015, this reply was served via File&ServeXpress on David L. Botsford (BOTSFORD & ROARK / 1307 West Ave. / Austin, Texas 78701 / dbotsford@aol.com) and Lisa McMinn (Office of State Prosecuting Attorney / P.O. Box 13046 / Austin, Texas 78711-3046 / Lisa.McMinn@SPA.texas.gov).

/s/ Bill Davis
Bill Davis

## CERTIFICATE OF COMPLIANCE

According to Microsoft Word, this reply contains 2,399 words.

/s/ Bill Davis
Bill Davis