

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,935-01

### EX PARTE ANDREW LOUIS CANTU, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12-11-27040-A-1 IN THE 24TH DISTRICT COURT
### FROM VICTORIA COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of unlawful delivery of controlled substance in penalty group 1 (>4 grams, but <200 grams), and sentenced to ten years' imprisonment. Applicant's sentence was suspended and he was placed on community supervision for five years. Applicant's community supervision was later revoked and he was sentenced to ten years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Cantu v. State*, No. 13-17-00360-CR (Tex. App.—Corpus Christi-Edinburg, May 31, 2018)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that the State's prosecuting attorney at his original trial where he received

a suspended sentence and community supervision was the judge presiding over his revocation of that community supervision and was therefore disqualified. Applicant has alleged facts that, if true, might entitle him to relief. Tex. Const. art. V, § 11.5; Tex. Code Crim. Proc. art. § 30.01; *Whitehead v. State*, 273 S.W.3d 285, 286 n.3 (Tex. Crim. App. 2008); *Gresham v. State*, 66 S.W. 845, 43 Tex. Crim. 466, 467 (1902); *January v. State*, 38 S.W. 179, 36 Tex. Crim. 488, 491 (1896). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court shall order the State to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether the judge at the revocation of Applicant's community supervision was the prosecuting attorney at the original plea hearing. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.

Filed: February 26, 2020
Do not publish