**Ronald Lee KUYKENDALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09-10-00161-CR.**

Court of Appeals of Texas, Beaumont.

Submitted Nov. 18, 2010.

Decided March 9, 2011.

430

Lee Haidusek, Liberty, for appellant.

Michael R. Little, Dist. Atty., Michael A. Mark, Asst. Dist. Atty., Liberty, for state.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

DAVID GAULTNEY, Justice.

Late in the evening on Ronald Lee Kuykendall's birthday, two Liberty County Sheriff Department officers spotted him sitting in his truck parked on the side of the highway. The parking lights were on. The officers "turned around to check on the welfare of the occupant and make sure he was okay." One officer approached the truck on the driver's side, and one went to the passenger side. Appellant was wearing only a blue tank top and underwear.

Kuykendall said he was okay. The officers saw at least one open alcohol container in the truck. A twelve-pack of beer was on the floorboard. When asked for his

identification and insurance information, Kuykendall produced an expired identification card and a pizza coupon.

Kuykendall was asked to get out of the truck and sit on the tailgate. He claimed that he was an undercover officer for the Texas Rangers and that his credentials were in his truck. He gave the officers permission to retrieve them. When one of the officers opened the door, he saw a large knife on the floorboard. No credentials were found. Kuykendall was arrested for impersonating a public servant and possessing an illegal weapon.

The officers conducted a search of the truck to inventory its contents before it was towed. When clothes on the passenger seat were moved, a plastic baggy fell out of the pants. Kuykendall pleaded guilty to the misdemeanor charges of possession of marijuana and possession of a prohibited weapon. Kuykendall was indicted on the charge of intentionally and knowingly possessing a controlled substance, namely, methamphetamine in an amount of one gram or more but less than four grams. A jury found Kuykendall guilty of possession of a controlled substance.

## The Appeal

Kuykendall presents three issues for review by this Court. First, he argues the trial judge was disqualified in this case because, when in private practice, the judge had represented Kuykendall as counsel in connection with two of the prior convictions used for enhancement purposes. Secondly, Kuykendall argues the trial court erred by admitting in evidence the guilty pleas to the misdemeanor charges. Finally, Kuykendall argues the trial court should have granted his motion to suppress, and should not have permitted evidence relevant to the motion to be presented to the jury. We conclude that the trial judge was not disqualified, Kuykendall failed to preserve error related to the admission of his misdemeanor pleas, and the trial court did not err in admitting the evidence and denying Kuykendall's motion to suppress. The trial court's judgment is affirmed.

## Judicial Disqualification

■ The Texas Constitution and the Texas Code of Criminal Procedure prohibit a judge from sitting in any case in which the judge has been counsel. Tex. Const. art. V, § 11 ("counsel in the case"); Tex. Code Crim. Proc. art. 30.01 (West 2006) ("of counsel for the State or the accused"). A judge is not disqualified simply because he has prosecuted or defended the accused in past cases. *See Hathorne v. State*, 459 S.W.2d 826, 829 (Tex.Crim.App.1970). The Court of Criminal Appeals has explained that to be disqualified the judge must have been counsel in the very case before him. *See id.* The Court expressed its holding as follows:

> We hold that the mere inclusion in the indictment or information of allegations as to prior convictions (for the enhancement of punishment only) does not disqualify the trial judge because he was of counsel in such prior conviction or convictions for either the State or the defense[.]

*Id.* at 833. Kuykendall argues, nonetheless, that *Hathorne* is distinguishable, because that case involved a judge who had served as a prosecutor in prior cases. He argues the Court's remark in its holding about a judge serving as defense counsel was *obiter dictum*.

*Obiter dictum* is defined as follows:

> [Latin "something said in passing"] (18c) A judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case

and therefore not precedential (although it may be considered persuasive). Black's Law Dictionary 1177 (9th ed.2009). In contrast, a court's holding is "[a] court's determination of a matter of law pivotal to its decision[.]" *Id.* at 800. Kuykendall argues that nondispositive remarks made in passing by the Court of Criminal Appeals do not bind this Court. He argues that, as Kuykendall's defense counsel in the prior cases, the judge had access to attorney-client privileged information.

■ The record does not reflect that Kuykendall raised this issue at trial. Judicial disqualification cannot be waived, however. *Gamez v. State,* 737 S.W.2d 315, 318 (Tex.Crim.App.1987). A judgment rendered by a constitutionally disqualified judge is void. *See Ex parte Vivier,* 699 S.W.2d 862, 863 (Tex.Crim.App.1985); *see also Tesco Am., Inc. v. Strong Indus., Inc.,* 221 S.W.3d 550, 555 (Tex.2006). The judgment is void whether or not the judge was aware of the disqualification. *See Ex parte Vivier,* 699 S.W.2d at 863–64.

The issue presented in this appeal is not whether the trial judge should have been recused from this case. In Texas, recusal and disqualification are distinct terms. *See, e.g.,* Tex.R. Civ. P. 18b. Even if a judge is not disqualified, grounds may exist for recusal in a particular case, but a timely motion for recusal must be filed to avoid waiver of the recusal issue. *See* Tex.R. Civ. P. 18a; Tex.R.App. P. 33.1; *see also Arnold v. State,* 853 S.W.2d 543, 544 (Tex.Crim.App.1993) (Rule 18a applies in criminal cases absent legislative intent indicating otherwise.). No recusal motion was made in the trial court, and no recusal record has been developed for review. The question presented in this case is whether the judgment is void because the judge was disqualified.

■ The decision in *Hathorne* dictates that the trial judge in the present case was not disqualified. The judge did not serve as counsel for the accused in this case. As in *Hathorne,* the prior convictions were used for enhancement purposes. An intermediate court is not free to disregard the holding of a higher court, and we decline to characterize as *obiter dictum* what the high court has described as its holding. Even if the statement is considered *dicta,* it appears to be judicial *dicta* made deliberately, and not some passing thought tangential to the reasoning of the opinion. A higher court's statements of law that are not pivotal to that Court's decision may still be considered binding on lower courts. *See, e.g., Elledge v. Friberg–Cooper Water Supply Corp.,* 240 S.W.3d 869, 870 (Tex.2007); *R.R. Comm'n of Tex. v. Aluminum Co. of Am.,* 380 S.W.2d 599, 601 (Tex.1964).

The facts of the prior convictions were not in dispute. The trial judge did indicate his punishment decision was influenced by Kuykendall's repeated use of alcohol in connection with driving, and the prior convictions in which he represented Kuykendall were for driving while intoxicated. We need not decide whether recusal would have been appropriate, however, because no motion to recuse in compliance with Rule 18a was filed in the trial court. *See* Tex.R.App. 33.1; *see also Arnold,* 853 S.W.2d at 544–45 (failure to comply with Rule 18a in a criminal case). Considering the decision of the Court of Criminal Appeals in *Hathorne,* we overrule issue one.

### THE MISDEMEANOR PLEAS

■ Kuykendall argues the trial court erred in allowing proof of extraneous offenses. He pleaded guilty to the misdemeanor offenses of possession of marijuana and possession of a prohibited weapon. He cites his motion in limine as his effort to keep out evidence of extraneous offenses.

▮▮ The denial of a motion in limine is not sufficient to preserve error in admitting evidence. *See Lasiter v. State,* 283 S.W.3d 909, 915 (Tex.App.-Beaumont 2009, pet. ref'd). A party must make a specific and timely objection at trial. *See* Tex. R.App. P. 33.1; Tex.R. Evid. 103. An objection gives the trial court an opportunity to prevent or correct errors regarding the admissibility of evidence, provides opposing counsel a fair opportunity to respond, and promotes an orderly, effective presentation of evidence to the fact-finder. *See Gillenwaters v. State,* 205 S.W.3d 534, 537 (Tex.Crim.App.2006). When the guilty pleas were offered at trial, Kuykendall did not object. When asked by the trial judge, counsel for Kuykendall stated: "Defense has no objection." By not objecting to the admission of his misdemeanor guilty pleas at trial, and instead telling the trial court that the defense had "no objection" to the admission of the pleas, Kuykendall failed to preserve the issue for review by this Court. *See* Tex.R.App. P. 33.1. We overrule issue two.

## MOTION TO SUPPRESS

Kuykendall filed a motion to suppress evidence before trial. The motion argued for the exclusion of all evidence seized by the officers and all evidence related to the arrest. He complains that the trial court abused its discretion in not ruling on the motion before trial. He also argues the court erred in admitting the evidence related to the motion at trial, and in subsequently denying the motion.

▮ The Court of Criminal Appeals has described a motion to suppress as "nothing more than a specialized objection to the *admissibility* of that evidence." *Galitz v. State,* 617 S.W.2d 949, 952 n. 10 (Tex.Crim. App.1981). A trial court may consider the motion before trial, but no error occurs if the trial court, in its discretion, elects to

determine the merits of the motion during the trial when the evidence is offered and a proper objection is lodged. *See Calloway v. State,* 743 S.W.2d 645, 649 (Tex. Crim.App.1988); *State v. Reed,* 888 S.W.2d 117, 119 (Tex.App.-San Antonio 1994, no pet.). It is then incumbent on the defendant to properly object when the evidence is offered, and preserve the issue for review. *See Reed,* 888 S.W.2d at 119; Tex. R.App. P. 33.1.

The trial court overruled Kuykendall's objections or admitted the evidence "subject to [defendant's] objection." After the close of evidence, the trial court addressed the motion to suppress. The evidence had already been presented to the jury, and at that stage the motion may have been viewed, possibly, as a request that the jury be instructed not to consider the evidence. *See generally Land v. State,* 890 S.W.2d 229, 234 (Tex.App.-Beaumont 1994, no pet.) (instruction to disregard); *see also Blackwell v. State,* 818 S.W.2d 134, 137 (Tex.App.-Waco 1991, pet. ref'd) (necessity of objection, request for curative instruction, motion for mistrial). Regardless, the underlying issue presented in this case is the admissibility of the evidence, because the objections were overruled at trial and the motion to suppress was denied. Kuykendall makes the following three arguments for the exclusion of evidence:

(1) that the 'community caretaking function,' on which the detention of [a]ppellant was based, was motivated by a non-caretaking consideration, i.e., the investigation of suspicious activity; (2) that once the officer had confirmed that [a]ppellant was not in need of assistance, the stop should have ended; and (3) that the chain of custody of the evidence was broken.

▮ "[N]ot all encounters with the police implicate the Fourth Amendment's protection against unreasonable seizures."

*Corbin v. State,* 85 S.W.3d 272, 276 (Tex. Crim.App.2002). If a reasonable person would feel free to disregard the officer, an officer may ask if someone requires assistance without implicating the Fourth Amendment. *Id.* Even if a person is seized within the meaning of the Fourth Amendment, a community caretaking exception allows police officers, as part of their duty to "serve and protect," to stop or temporarily detain an individual whom a reasonable person would believe is in need of help, given the totality of the circumstances. *Wright v. State,* 7 S.W.3d 148, 151 (Tex.Crim.App.1999).

 Determining whether an officer has properly invoked the community caretaking function is a two-step process. *See Corbin,* 85 S.W.3d at 277. First, the reviewing court must determine whether the officer was primarily motivated by a community care-taking purpose. *Id.* Second, the court must determine whether the officer's belief that assistance was required was reasonable. *Id.* Courts consider four non-exclusive factors in determining whether the officer's belief that the defendant needed help was reasonable:

> (1) the nature and level of the distress exhibited by the individual; (2) the location of the individual; (3) whether or not the individual was alone and/or had access to assistance other than that offered by the officer; and (4) to what extent the individual, if not assisted, presented a danger to himself or others.

*Id.*

 Sergeant Joel Davilla with the Liberty County Sheriff's Department testified that when he and Officer Gampher saw Kuykendall's truck at ten o'clock at night, it was parked "wrong" on the shoulder of the highway, and in a dark, non-residential area with just "parking lamps on." They noticed the occupant was alone and with no visible access to assistance.

Officer Edward Gampher, who was in the patrol vehicle with Davilla, testified they decided to stop and check on the welfare of the driver of the truck because the truck was parked on the side of the road with parking lights on, no residences or streets were within close distance, and it was an "extremely dark area[.]" Gampher explained that under those circumstances, "we are going to turn around and check and make sure the driver is okay, make sure they are not having any kind of medical problems or something along those lines. If they are broke down, we will get them a tow truck or whatever we need to do to help them out." The officers thought the car was parked "out of the ordinary," and they "turned around to check on the welfare of the occupant and make sure he was okay." Nothing else suggested Kuykendall was in distress or a danger to himself or others. Nevertheless, assuming a seizure occurred, the trial court could reasonably conclude that the officers were primarily motivated by community caretaking concerns, and that their belief was reasonable. *See id.; see also Morfin v. State,* 34 S.W.3d 664, 667 (Tex.App.-San Antonio 2000, no pet.) (fact that individuals in stopped car in dark, high-crime area were not exhibiting any distress did not detract from reasonableness of officer's decision to approach the car and determine if assistance was required).

Standing beside the vehicle, the officers observed at least one open container of alcohol in the truck. That observation, among others, gave rise to a reasonable suspicion sufficient to justify further investigation. The false representation and consent to search followed, and then the arrest. Inventorying the vehicle prior to towing was a permissible search pursuant to the arrest. *See Garza v. State,* 137 S.W.3d 878, 882 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd).

Finally, relevant to appellant's chain-of-custody argument, we note the following occurred during the testimony of one of the officers:

> [Defense Counsel]: Your Honor, I would like to lodge an oral amendment to my motion to suppress to include the chain of custody since the evidence was missing for some six weeks. If the court would want me to write it, I will be more than glad to write it; but I would like to lodge an oral—
>
> [Counsel for State]: Judge, what does that have to do with the testimony of these photographs at this time? This is something that can be taken up outside the presence of the jury.
>
> The Court: Your objection will be noted.

After the jury was excused for the day, Kuykendall requested permission to amend his written motion to suppress. The State responded that it would waive any timeliness objection. The trial court granted permission. The record does not include an amended written motion to suppress. As appellant points out in his brief, "[t]he chain of custody issue was not argued by counsel during the discussion of the Motion to Suppress, and the Trial Court did not make a ruling or discuss any findings related to that matter[.]" *See* Tex.R.App. P. 33.1.

Kuykendall lodged a "running objection" to evidence on chain-of-custody grounds. The trial court responded, "It's admitted subject to your objection." The specific issue Kuykendall raises on appeal is whether the trial court erred in denying Kuykendall's motion to suppress, and by hearing evidence "relevant only to the motion to suppress" in the presence of the jury. In addition to the statement quoted concerning the lack of discussion or ruling, appellant references the chain-of-custody issue three times in his argument. Given the lack of any discussion of law or citation to authorities in appellant's brief in issue three related to chain of custody, that argument is inadequately briefed and is therefore considered waived. *See Vuong v. State,* 830 S.W.2d 929, 940 (Tex.Crim. App.1992); *Boudreaux v. State,* 878 S.W.2d 701, 707 (Tex.App.-Beaumont 1994, no pet.). *See also* Tex.R.App. P. 38.1(h).

Issue three is overruled. The trial court's judgment is affirmed.

AFFIRMED.