

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00199-CR

_____


DARIAN BLAINE MORSMAN, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 24762


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

In a bench trial before the Honorable Scott McDowell, Darian Blaine Morsman was convicted, as a habitual offender, for burglary of a habitation.[1] In a prior conviction used as an enhancement in this case, Morsman had been represented by McDowell before becoming a judge. On appeal, Morsman argues that McDowell "was disqualified from presiding over the case because he had previously served as counsel for Appellant" in the case used for enhancement. McDowell was not disqualified from so serving. Morsman correctly complains that assessing attorney's fees against him was in error, because he is indigent and there was no proof of his ability to pay the fees. The State concedes error on this point. Accordingly, we delete the attorney's fees from the court costs portion of the judgment and affirm the judgment as modified.

*(1)*     *Judge McDowell Was Not Disqualified from Presiding over Morsman's Trial*

The State's enhancement paragraph alleged that Morsman was "finally convicted of the felony offense of Intoxicated Manslaughter with Vehicle, in the 6th District Court of Lamar County, Texas, in Cause Number 15600, on May 20, 1997." Morsman pled true to this enhancement allegation. The 1997 judgment, which was offered during the sentencing phase without objection, lists McDowell as counsel for Morsman. Morsman now argues that the trial judge should have been disqualified.

---

[1]Morsman was sentenced to forty years' imprisonment.

Article 5, Section 11 of the Texas Constitution[2] reads:

No judge shall sit in any case wherein the judge may be interested, or where either of the parties may be connected with the judge, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when the judge shall have been counsel in the case.

TEX. CONST. art. V, § 11. Section 30.01 of the Texas Code of Criminal Procedure specifies:

No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree, as determined under Chapter 573, Government Code.

TEX. CODE CRIM. PROC. ANN. art. 30.01 (West 2006).

There is no contention in the brief that the trial judge was interested in the outcome or related to the parties in this case. The judge was also not counsel in this case within the meaning of the prohibition. *Hathorne v. State*, 459 S.W.2d 826, 829 (Tex. Crim. App. 1970) ("It has been held, however, that to come within the meaning of 'counsel in the case' in the statute prescribing qualifications of judges, it must appear that the judge acted as counsel [i]n the very case before him"); *see Madden v. State*, 911 S.W.2d 236, 240 (Tex. App.—Waco 1995, pet. ref'd) (citing *Gamez v. State*, 737 S.W.2d 315, 318 (Tex. Crim. App. 1987)). Instead, Morsman's complaint relates to "inherent dangers" that could arise because "[a] trial judge cannot 'unknow' what he

---

[2]The Texas Court of Criminal Appeals has held that disqualification under Article V, Section 11 of the constitution may be raised at any time. *Johnson v. State*, 869 S.W.2d 347, 348–49 (Tex. Crim. App. 1994). Although the Court has questioned whether a preservation requirement should be imposed, it has not yet overruled the "line of cases holding that a judge's disqualification may be raised for the first time on appeal." *Lackey v. State*, 364 S.W.3d 837, 842–43 n.19 (Tex. Crim. App. 2012).

had learned through a prior representation," in this case, the extent, effect, and consequences of Morsman's substance abuse.[3]

"A judge is not disqualified simply because he has prosecuted or defended the accused in past cases." *Kuykendall v. State*, 335 S.W.3d 429, 432 (Tex. App.—Beaumont 2011, pet. ref'd). In support of this determination, our sister court relied on *Hathorne*, in which the Texas Court of Criminal Appeals wrote:

> If the State or defense offers prior convictions as part of that "record" where the trial judge served as prosecutor or defense counsel, does this result in an automatic disqualification of the judge and cause a mistrial? Certainly not, even though evidence of such conviction may, in the discretion of the judge or jury, result in an increased or enhanced penalty.

*Hathorne*, 459 S.W.2d at 830. Morsman argues that this language in *Hathorne* was dicta because "there were no facts or arguments before the court concerning a trial judge's prior representation of the defendant." Instead, the trial judge in *Hathorne* was the district attorney in the prior conviction used to enhance the defendant's punishment. *Id.* at 828.

> Yet, the conclusion in *Hathorne* was penned as follows:
>
> We hold that the mere inclusion in the indictment or information of allegations as to prior convictions (for the enhancement of punishment only) does not disqualify the trial judge because he was of counsel in such prior conviction or convictions for either the State or the defense, not being within the purview of the statutory or constitutional prohibition of being "counsel in the case."
>
> . . . .
>
> To hold otherwise would mean that a judge is not disqualified in a case by the fact he previously prosecuted or defended an accused in another case, or that such prior conviction was used for impeachment purposes or utilized as a part of the accused's "prior criminal record" but the mere allegation of such conviction for

---

[3]Recusal is not an issue in this case.

4

the purpose of enhancement only would work an automatic disqualification. Such would be an illogical result, particularly considering the nature and purpose of the allegation of the prior conviction, it not being a part of the substantive offense, and taking into account our present bifurcated trial system. To permit the disqualification to be too easy could cause the cost and the delay of the administration of criminal justice to go out of bounds.

*Id.* at 833.

In rejecting the idea that this concluding language in *Hathorne* was dicta, our sister court in *Kuykendall* wrote:

An intermediate court is not free to disregard the holding of a higher court, and we decline to characterize as *obiter dictum* what the high court has described as its holding. Even if the statement is considered *dicta*, it appears to be judicial *dicta* made deliberately, and not some passing thought tangential to the reasoning of the opinion.

*Kuykendall*, 335 S.W.3d at 433. Moreover, another sister court has resolved the very issue raised by Morsman by applying *Hathorne*. *See Nevarez v. State*, 832 S.W.2d 82, 88 (Tex. App.—Waco 1992, pet. ref'd) (trial judge not disqualified simply because he served as defense counsel in prior case used to enhance punishment).

Here, the trial judge was not statutorily or constitutionally disqualified. His service as Morsman's counsel in a 1997 conviction used for purposes of enhancement did not come within the meaning of "counsel in the case" as used in the Texas Constitution, Article 30.01of the Texas Code of Criminal Procedure, and Texas courts. We overrule this point of error.

*(2)    Morsman's Ability to Pay Was Not Proven*

The judgment requires that Morsman pay $1,916.50 in court costs. The bill of costs includes an attorney's fee of $350.00. Morsman argues that the record fails to establish

Morsman's ability to pay this fee and that it should be redacted from the assessed court costs. We agree.

Counsel was appointed to represent Morsman after the trial court found him to be indigent. "Fees for court-appointed representation are often included in a bill of costs." *Armstrong v. State*, 340 S.W.3d 759, 765 (Tex. Crim. App. 2011). A trial court has the authority to order the reimbursement of court-appointed attorney's fees under certain circumstances.

> If the court determined that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Armstrong*, 340 S.W.3d at 765–66 (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Here, the State concedes that the record before us does not contain any determination or finding by the trial court that Morsman had any financial resources or was "able to pay" the appointed attorney's fees. Thus, the assessment of the $350.00 in attorney's fees was erroneous and should be deleted. *See Rodriguez v. State*, No. 06-12-00167-CR, 2013 WL 375408, at *1 (Tex. App.—Texarkana Jan. 31, 2013, no pet.) (mem. op., not designated for publication); *Proctor v. State*, No. 12-11-00335-CR, 2012 WL 3804371, at *2 (Tex. App.—Tyler Aug. 31, 2012, pet. ref'd)

(mem. op., not designated for publication) (remove attorney's fees from costs imposed absent record indicating defendant able to pay).[4] This point of error is sustained.

We modify the judgment to delete $350.00 in attorney's fees from the assessment of court costs. As modified, the judgment is affirmed.


Josh R. Morriss, III
Chief Justice

Date Submitted:     May 20, 2013
Date Decided:      May 21, 2013

Do Not Publish

---

[4]Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

7