**AFFIRM; and Opinion Filed April 29, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00292-CR

**PERRY SMART, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-12-56097-P**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice O'Neill

A jury convicted appellant Perry Smart of assault family violence. After finding two enhancement paragraphs true, the trial court assessed punishment at twenty-five years' confinement. Appellant argues he is entitled to a new trial because the presiding judge who sentenced him should have been disqualified for representing him in a previous criminal matter. He also contends the record is insufficient to support the trial court's order to pay $244 in court costs. We affirm the trial court's judgment.

### Background

Appellant and complainant dated for approximately five years. In the early morning hours of April 28, 2012, appellant went to complainant's apartment to pick up some of his clothes. When complainant told appellant she no longer wanted to see him, appellant became angry. He hit complainant in the face and the chest. He repeatedly pinched her face. Appellant

also threatened her with a baseball bat and later used it to destroy her television sets. He threw her cell phone in the toilet so she could not call for help. Complainant testified the argument began around 5:00 a.m. and continued until appellant left around 8:00 a.m. She later went to the hospital where she was diagnosed with a "slight concussion." Appellant was arrested and charged with assault family violence.

Despite appellant's attempt to attack complainant's credibility during trial, the jury found him guilty. Punishment was before the trial court. The Honorable Theresa Hawthorne presided. During punishment, the State introduced two prior judgments to support the enhancement paragraphs of the indictment. The first enhancement paragraph stated the following:

> And it is further presented to said Court that prior to the commission of the offense or offenses set out above, the defendant was finally convicted of the felony offense of POSSESSION OF A CONTROLLED SUBSTANCE, in the CRIMINAL DISTRICT COURT NO. 2 of DALLAS county, Texas, in Cause Number F-9239659, on the 2ND day of April, 1992[.]

The judgment in the 1992 conviction reflects that defense counsel for appellant was "Teresa Hawthrone" and "Teres Hawthorne." Appellant pleaded true to the enhancement paragraphs. The court sentenced him to twenty-five years' imprisonment. This appeal followed.

### Judicial Disqualification

In his first issue, appellant argues the trial judge was disqualified under article 5, section 11 of the Texas Constitution and article 30.01 of the Texas Code of Criminal Procedure because she previously represented him in a criminal case used to enhance punishment. The State responds the record does not establish that Judge "Teresa Hawthorne" is the same "Teresa Hawthrone" or "Teres Hawthorne" who represented appellant in 1992, and even if she is the same person, a judge is not disqualified because she defended the accused in the past.

First, we agree with the State there is no evidence in the record establishing that the sentencing judge was in fact the same attorney who represented appellant in 1992. Other than

the argument in appellant's brief, there is no conclusive evidence in the record to support his claim.

Even assuming Judge Hawthorne represented appellant in 1992, she was not disqualified to preside over the instant case. The Texas Constitution and the Texas Code of Criminal Procedure prohibit a judge from sitting in any case in which the judge has been counsel. *See* Tex. Const. art. 5, § 11 ("No judge shall sit in any case wherein the judge may be interested, . . . , or when the judge shall have been counsel in the case."); TEX. CODE CRIM. PROC. ANN. art. 30.01 (West 2006) ("No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, . . . ."). It has been held that to come within the meaning of "counsel in a case," it must appear that the judge acted as counsel in the very case before her. *Hathorne*, 459 S.W.2d at 829. The record is clear Judge Hawthorne was not counsel in the case before her. Moreover, a judge is not disqualified simply because she defended the accused in a past case. *See Hathorne v. State*, 459 S.W.2d 826, 830 (Tex. Crim. App. 1970); *Kuykendall v. State*, 335 S.W.3d 429, 432 (Tex. App.—Beaumont 2011, pet. ref'd); *Nevarez v. State*, 832 S.W.2d 82, 88 (Tex. App.—Waco 1992, pet. ref'd).

Appellant acknowledges the case law against his position; however, he argues the *Hathorne* court did not specifically consider the issue of whether a defense attorney, later sitting in judgment of a former client when prior convictions could be used for enhancement, must be disqualified. Rather, appellant argues the only issue decided by *Hathorne* was whether disqualification is required when the trial judge was counsel for the State in prior convictions used for enhancement. Similar to our sister courts of appeal in Beaumont and Texarkana, we reject appellant's limited interpretation of *Hathorne*. *See Morsman v. State*, No. 06-12-00199-CR, 2013 WL 2247322, at *2 (Tex. App.—Texarkana May 20, 2013, no pet.) (mem. op., not designated for publication) (rejecting argument that language referring to defense counsel in

*Hathorne* was dicta); *Kuykendall*, 335 S.W.3d at 433 ("An intermediate court is not free to disregard the holding of a higher court, and we decline to characterize as *obiter dictum* what the high court has described as its holding.").

Therefore, assuming Judge Hawthorne was appellant's defense counsel in 1992, her service as counsel in a conviction used for enhancement purposes did not come within the meaning of "counsel in the case" as used in the Texas Constitution, article 30.01 of the Texas Code of Criminal Procedure, or as interpreted by Texas courts. Accordingly, she was not statutorily or constitutionally disqualified. We overrule appellant's first issue.

## Court Costs

In his second issue, appellant argues the evidence is insufficient to support the trial court's order requiring him to pay $244 in court costs. A supplemental clerk's record in support of the costs is now on file with this court. Thus, the issue is moot. *See Johnson v. State*, No. PD-0193-13, 2014 WL 714736, at *4 (Tex. Crim. App. Feb. 26, 2014); *Coronel v. State*, 416 S.W.3d 550, 555 (Tex. App.—Dallas 2013, pet. ref'd). Appellant's second issue is overruled.

## Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgment.


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

130292F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PERRY SMART, Appellant

No. 05-13-00292-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-12-56097-P.
Opinion delivered by Justice O'Neill.
Justices Moseley and FitzGerald
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 29th day of April, 2014.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE