ACCEPTED
04-14-00658-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/6/2015 4:25:34 PM
KEITH HOTTLE
CLERK

## No. 04-14-00658-CR

In the
Court of Appeals
For the
Fourth Judicial District of Texas
San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
4/6/2015 4:25:34 PM
KEITH E. HOTTLE
Clerk

————————◆————————

## No. 365341

In the County Criminal Court at Law No. 12
Of Bexar County, Texas

————————◆————————

**JAMES SALDANA**
*Appellant*
V.
**THE STATE OF TEXAS**
*Appellee*

————————◆————————

STATE'S APPELLATE BRIEF

————————◆————————

**NICHOLAS "NICO" LAHOOD**
Criminal District Attorney
Bexar County, Texas

**JOSHUA SOMERS**
Assistant Criminal District Attorney
Bexar County, Texas
Paul Elizondo Tower
101 West Nueva Street
San Antonio, Texas 78205
Phone: (210) 335-2311
Fax: (210) 335-2313
Email: Joshua.Somers@bexar.org
State Bar No. 24047261

*Attorneys for the State of Texas*

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 39.7, the State requests oral argument only if oral argument is requested by appellant.

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of names of all interested parties is provided below.

*Counsel for the State*:

**Nicholas "Nico" LaHood** – Criminal District Attorney of Bexar County

**Joshua Somers** – Assistant Criminal District Attorney on appeal

**Joshua Sandoval –** Assistant Criminal District Attorney at trial

**Erica Pena –** Assistant Criminal District Attorney at trial

*Appellant or Criminal Defendant*:

**James Saldana**

*Counsel for Appellant*:

**James C. Oltersdorf** – Attorney on appeal

**Joseph Echavarria** – Attorney at trial

*Trial Judge*:

**Honorable Scott Roberts**

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ..................................................i

IDENTIFICATION OF THE PARTIES .......................................................i

INDEX OF AUTHORITIES...................................................................... iii

STATEMENT OF THE CASE...................................................................1

STATEMENT OF THE FACTS ................................................................2

SUMMARY OF THE ARGUMENT ........................................................3

REPLY TO APPELLANT'S SOLE POINT OF ERROR.........................................4

CONCLUSION AND PRAYER ................................................................11

CERTIFICATE OF COMPLIANCE........................................................12

CERTIFICATE OF SERVICE ................................................................13

# INDEX OF AUTHORITIES

**CASES**

*Amador v. State*,
    221 S.W.3d 666 (Tex. Crim. App. 2007) ...........................................................4

*Cady v. Dombroski*,
    413 U.S. 433 (1973).............................................................................................5

*Corbin v. State*,
    85 S.W.3d 272 (Tex. Crim. App. 2002) ......................................................5, 10

*Gonzales v. State*,
    369 S.W.3d 851 (Tex. Crim. App. 2012) ...............................................6, 7, 9, 10

*Guzman v. State*,
    955 S.W.2d 85 (Tex. Crim. App. 1997) .........................................................4, 5

*Kuykendall v. State*,
    335 S.W.3d 429 (Tex. App.—Beaumont, *pet. ref'd*)......................................8, 9

*Martinez v. State*,
    348 S.W.3d 919 (Tex. Crim. App. 2011) ..........................................................4

*Miller v. State*,
    393 S.W.3d 255 (Tex. Crim. App. 2012) ..........................................................4

*Solano v. State*
    371 S.W.3d 5s93 (Tex. App.—Amarillo 2012, *no pet.*) ...........................7, 9, 10

*State v. Woodard*,
    341 S.W.3d 404 (Tex. Crim. App. 2011) ..........................................................5

*Valtierra v. State*,
    310 S.W.3d 442 (Tex. Crim. App. 2010) ..........................................................4

*Wright v. State*,
    7 S.W.3d 148 (Tex. Crim. App. 1999) ................................................. 5, 6, 10

# RULES

TEX. R. APP. P. 9.4(i)..................................................................................................12

TEX. R. APP. P. 9.4(i)(1) ...........................................................................................12

TEX. R. APP. P.  38.2(a)(1)(A) .................................................................................. i

TEX. R. APP. P. 39.7................................................................................................. i

| JAMES SALDANA | § | IN THE FOURTH DISTRICT |
| | § | |
| VS. | § | COURT OF APPEALS |
| | § | |
| STATE OF TEXAS | § | SAN ANTONIO, TEXAS |

## BRIEF FOR THE STATE

To the Honorable Fourth Court:

Now comes, Nicholas "Nico" LaHood, Criminal District Attorney of Bexar County, Texas, and files this brief for the State.

————————◆————————

## STATEMENT OF THE CASE

Appellant was charged by information with the misdemeanor offense of driving while intoxicated (CR 33). Trial counsel for appellant filed a motion to suppress and a suppression hearing was held on May 14, 2014 (CR 29-32, 2 RR 1). The court heard testimony from one witness in the hearing, Officer Christopher Torres, and the State stipulated that the arrest was a warrantless arrest (2 RR 4-5). At the conclusion of the hearing, the State argued that the officer acted pursuant to his community-caretaking purpose (2 RR 30). The trial court subsequently denied appellant's motion to suppress (2 RR 33). On May 19, 2014, the trial court made findings of fact and conclusions of law (3 RR 1-6), and Appellant pled guilty to driving while intoxicated on August 13, 2014 (CR 49). Appellant's trial counsel

1

filed a notice of appeal and the presiding judge signed the trial court's certification of defendant's right to appeal on the same day (CR 42, 46). An amended trial court's certification of defendant's right to appeal was later signed by the presiding judge on December 28, 2014 (CR 7).

———————◆———————

## STATEMENT OF FACTS

On June 26, 2011, Officer Christopher Torres with the City of Alamo Heights, was travelling southbound on Broadway Avenue (2 RR 7). While stopped at a red light with his windows down, he "heard a loud bang" and then looked to his left and observed appellant's pick-up truck exiting a parking lot (2 RR 7-8). Officer Torres turned onto the 100 block of Elizabeth and saw appellant's vehicle "stop somewhat in the middle of the roadway" (2 RR 8). Officer Torres next observed appellant and his passenger both exit their vehicle, and he stopped directly behind them (2 RR 8). After appellant and his passenger exited their vehicle, they walked to the rear of the truck (2 RR 8). At this point, Officer Torres activated the emergency lights in his patrol vehicle (2 RR 8).

In the suppression hearing, Officer Torres testified that he had not initiated a traffic stop, rather he activated his lights "just to check on their welfare" (2 RR 8-9). He testified, "I exited my vehicle, approached the defendant who was looking in the rear of his truck. I made contact with them at first to say, you know, is

2

everything okay?" (2 RR 9). In discussing his reasoning for making contact with appellant, he explained, "When I first observed them outside of their vehicle, they were looking at the rear of their pickup truck as if maybe to look for some damage, which would correlate with the loud bang that I heard them possibly striking something in the parking lot from which they exited" (2 RR 12). Upon encountering appellant, Officer Torres detected signs of intoxication and conducted a DWI investigation (2 RR 9). The initial contact was made at 12:58 a.m. (2 RR 7).

During the course of the suppression hearing, Officer Torres emphasized that the primary purpose of the encounter was to conduct a welfare check "to make sure that they didn't need any type of assistance" (2 RR 12). He testified, "My intent was to conduct a welfare check after they exited their vehicle," and, more specifically, that his "intent was to get close to the vehicle and observe it for any type of damage" (2 RR 19).

————————◆————————

## SUMMARY OF THE ARGUMENT

The trial court did not abuse its discretion in denying appellant's motion to suppress. Officer Torres properly invoked his community-caretaking function, because he was primarily motivated by a community-caretaking purpose and he had a reasonable belief that appellant needed help. In viewing the evidence in the

3

light most favorable to the trial court's ruling, this Court should affirm the trial court's decision.

## REPLY TO APPELLANT'S SOLE POINT OF ERROR

### I.     Standard of Review for Motions to Suppress Evidence

Texas appellate courts review trial court decisions on motions to suppress evidence for abuse of discretion. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). In determining whether a trial court abused its discretion, the reviewing court evaluates the trial court's ruling under a bifurcated standard. *Amador v.* State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). The reviewing court first views all of the evidence in the light most favorable to the trial judge's ruling. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). "[A]lmost total deference [is given] to the trial court's determination of historical facts that are supported by the record, particularly if the findings of fact are based on credibility and demeanor." *Miller v. State*, 393 S.W.3d 255, 262 (Tex. Crim. App. 2012); *see also Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (explaining that courts must give the prevailing party "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from the evidence"). Courts also give "almost total deference . . . to a trial judge's ruling on mixed questions of law and fact that depend upon evaluations of credibility and demeanor." *Guzman*, 955 S.W.2d at 89. However, "when mixed questions of law

4

and fact do not depend on evaluation of credibility and demeanor, [courts] review the trial judge's ruling de novo." *Id.* In addition, "[a]ll purely legal questions are reviewed de novo." *State v. Woodard*, 341 S.W.3d 404, 410 (Tex. Crim. App. 2011).

## II. Applicable Law Regarding the Community-Caretaking Exception

In *Cady v. Dombroski*, the United States Supreme Court established the "community-caretaking" exception to the warrant requirement in recognizing that police officers may contact citizens without probable cause or reasonable suspicion that an offense has occurred "and engage in what, for want of a better term, may be described as community caretaking functions, totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute." *Cady v. Dombroski*, 413 U.S. 433, 441, 447-48 (1973). The Texas Court of Criminal Appeals recognized the community-caretaking exception in *Wright v. State*, holding that "[a]s part of his duty to 'serve and protect' a police officer may stop and assist an individual whom a reasonable person, given the totality of the circumstances, would believe *is in need of help*." *Wright v. State*, 7 S.W.3d 148, 151 (Tex. Crim. App. 1999) (emphasis in original). However, "a police officer may not properly invoke his community caretaking function if he is primarily motivated by a non-community caretaking purpose." *Corbin v. State*, 85 S.W.3d 272, 277 (Tex. Crim. App. 2002).

Since recognizing this exception, the Court of Criminal Appeals has developed a two-prong test to determine whether a police officer has properly invoked his community-caretaking function: (1) the officer must be primarily motivated by his community-caretaking purpose; and (2) the officer must reasonably believe that the individual was in need of help. *Gonzales v. State*, 369 S.W.3d 851, 854 (Tex. Crim. App. 2012). In *Wright*, the Court of Criminal Appeals listed factors courts could consider in determining the reasonableness of an officer's belief that an individual needs assistance: (1) the nature and level of distress exhibited by the individual; (2) the location of the individual; (3) whether or not the individual was alone and/or had access to assistance independent of that offered by the officer; and (4) to what extent the individual—if not assisted—presented a danger to himself or others. *Wright*, 7 S.W.3d at 151-52. The Court of Criminal Appeals later clarified that "[t]he *Wright* factors were intended to assist courts in determining reasonableness in this context, they are not elements of reasonableness." *Gonzales*, 369 S.W.3d at 855.

Pursuant to this standard, the Court of Criminal Appeals in *Gonzales* found that the two-prong test was satisfied in a DWI case in which a police officer, while sitting at a red light just before 1:00 a.m., observed a defendant's vehicle pull off of the road and come to a stop on the shoulder just a short distance ahead. *Id.* at 853. Believing that the driver needed assistance, the officer activated his front-

6

facing and rear-facing lights and pulled behind the vehicle. *Id*. The officer testified that the sole reason he pulled behind the driver was "to check on them, see if they had a flat tire, if everything was okay, if maybe they were lost" and "to see if he was . . . having trouble, if he needed assistance." *Id*. (quotations original). The Court held that the officer "could have reasonably concluded that [the driver] was suffering from distress resulting from car trouble, a flat tire, or running out of gas—a distress no less significant to an officer's function as a public servant." *Id*. at 856 (citations omitted).

Similarly, in *Solano v. State*, a deputy pulled in front of a driver's vehicle and activated his emergency lights after seeing the vehicle pull to the side of the road and raise its hood. *Solano v. State*, 371 S.W.3d 593, 594 (Tex. App.—Amarillo 2012, *no pet*.). This caused the deputy to "want[] to make sure that everything was fine, everything was running." *Id*. (quotations original). The Seventh Court of Appeals affirmed the defendant's conviction for possession of a controlled substance and held that the initial interaction "could be justified as an instance of an officer legitimately exercising his community caretaking function." *Id*. at 595. The Seventh Court of Appeals specifically noted that "it is within the realm of reasonable debate to infer from seeing a car on the side of a road with its hood up that those occupying the vehicle are experiencing car troubles." *Id*.

7

The Ninth Court of Appeals also affirmed a defendant's conviction for possession of a controlled substance under similar facts. *Kuykendall v. State*, 335 S.W.3d 429, 435 (Tex. App.—Beaumont, *pet. ref'd*). In *Kuykendall v. State*, police officers "decided to stop and check on the welfare of [a] truck because the truck was parked on the side of the road with parking lights on, no residences or streets were within close distance, and it was an extremely dark area." *Id.* (international quotations marks omitted). One of the officers testified that under those circumstances, "we are going to turn around and check and make sure the driver is okay, make sure they are not having any kind of medical problems or something along those lines. If they are broke down, we will get them a tow truck or whatever we need to do to help them out." *Id.* (quotations marks original).

## III. Officer Torres Properly Invoked His Community-Caretaking Function

Officer Torres conducted a lawful encounter of appellant and properly invoked his community-caretaking function in accordance with the two-prong test established by the Court of Criminal Appeals. First, Officer Torres was primarily motivated by a community-caretaking purpose, and second, he had a reasonable belief that appellant was in need of help.

Throughout the course of the suppression hearing, Officer Torres testified that his intent was to conduct a welfare check of appellant to see whether appellant's vehicle was damaged and whether he needed any type of assistance.

8

Officer Torres stated that he simply wanted to see whether appellant was "okay." Furthermore, the totality of the circumstances indicate that Officer Torres's belief that appellant was in need of help was a reasonable belief. It was late at night, appellant was stopped in the middle of the roadway, and appellant had exited his truck and appeared to be checking the rear of the truck for damage. Given that Officer Torres heard the "loud bang" just as appellant was pulling out of a parking lot and then observed appellant stop and check the rear of this truck, it was reasonable for Officer Torres to infer that the vehicle had sustained damage.

The facts of this case are analogous to *Gonzales*, *Solano*, and *Kuykendall*. In all three of those cases, the courts found that an officer checking on an individual who may be experiencing car trouble acted pursuant to his community-caretaking purpose. Just as the Court of Criminal Appeals found in *Gonzales* that an officer who checked on a driver pulled off on the side of the road conducted a lawful encounter under the community-caretaking exception, so should this court hold in the present case that Officer Torres conducted a lawful encounter to see whether appellant, who had stopped toward the middle of the road, had damaged his vehicle and needed assistance. All three of these cases also stand for the proposition that an encounter is not escalated into any sort of detention requiring reasonable suspicion or probable cause just because an officer activates his emergency lights. In *Solano*, for example, the officer activated his emergency lights when checking

on a vehicle with its hood up. Officer Torres thus did not escalate his encounter into a detention by turning on his lights to check on appellant's vehicle stopped in the middle of the road.

Appellant's reliance on the facts of *Corbin* is misplaced. The Court of Criminal Appeals's decision in *Corbin* involved an actual traffic stop, as opposed to an officer checking on the welfare of a vehicle already stopped on the side of or in the middle of the roadway experiencing apparent car troubles. Appellant also lists the *Wright* factors to support his argument. But, as noted in *Gonzales*, these factors merely serve to provide guidance to the lower courts in evaluating the reasonableness of an officer's belief. They are not elements of reasonableness per se. Officer Torres's decision to check on a vehicle stopped in the middle of the road late at night after it might have been damaged is exactly the sort of law enforcement conduct the community-caretaking exception was designed to allow.

For these reasons, and in giving due deference to the trial court's role as the finder of fact and judge of the credibility of Officer Torres's testimony, appellee requests that this court hold that the trial court did not abuse its discretion and affirm the trial court's decision.

—————————◆—————————

**CONCLUSION AND PRAYER**

WHEREFORE, PREMISES, CONSIDERED, the State of Texas submits that the judgment of the trial court should, in all things, be AFFIRMED.

Respectfully submitted,

**NICHOLAS "NICO" LAHOOD**
Criminal District Attorney
Bexar County, Texas

/s/ Joshua Somers
**JOSHUA SOMERS**
Assistant Criminal District Attorney
Bexar County, Texas
Paul Elizondo Tower
101 West Nueva Street
San Antonio, Texas 78205
Phone: (210) 335-2311
Fax: (210) 335-2313
Email: Joshua.Somers@bexar.org
State Bar No. 24047261

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i), the undersigned attorney certified that there are 2,174 words in the foregoing computer-generated document, based upon the representation provided by the word processing program that was used to create the document, and excluding the portion of the document exempted by Rule 9.4(i)(1).

/s/ Joshua Somers
**JOSHUA SOMERS**
Assistant Criminal District Attorney
Bexar County, Texas
Paul Elizondo Tower
101 West Nueva Street
San Antonio, Texas 78205
Phone: (210) 335-2311
Fax: (210) 335-2313
Email: Joshua.Somers@bexar.org
State Bar No. 24047261

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been mailed to James C. Oltersdorf, appellant's attorney of record on appeal, at the following address on: **April 6, 2014**.

James C. Oltersdorf
509 South Main Street
San Antonio, Texas 78204

/s/ Joshua Somers
**JOSHUA SOMERS**
Assistant Criminal District Attorney
Bexar County, Texas
Paul Elizondo Tower
101 West Nueva Street
San Antonio, Texas 78205
Phone: (210) 335-2311
Fax: (210) 335-2313
Email: Joshua.Somers@bexar.org
State Bar No. 24047261