In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-20-00230-CV

_____

### JOHN DOUGLAS MITCHELL JR., Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. X-2154**

### MEMORANDUM OPINION

John Douglas Mitchell, Jr., a *pro se* inmate, appeals the trial court's summary judgment in favor of the State of Texas, which denied and dismissed his Petition for Expunction.[1] In five issues, Mitchell complains the trial court erred in granting the

---

[1]The trial court also granted the Intervenor's Motion to Dismiss pursuant to Texas Civil Practice and Remedies Code Chapter 14, determined Mitchell's Petition for Expunction was frivolous, and taxed all costs against Mitchell.

State's Amended Traditional Motion for Summary Judgment and failed to address his Motion for Sanctions. We affirm the trial court's judgment.

## Background

In July of 1987, Mitchell was arrested for the misdemeanor offense of driving while intoxicated. Mitchell pled guilty to the DWI offense in Trial Cause Number 132438 ("DWI-1"). The trial court found Mitchell guilty and imposed a fine of $200 and a sentence of six months of incarceration. In its judgment, the trial court suspended imposition of the sentence and placed Mitchell on court ordered probation for six months. In November of 1988, the trial court discharged Mitchell from his probation, noting that he paid the costs and fines, otherwise complied with the terms of his probation, and that the probation period had expired. Subsequently, Mitchell was charged, pled guilty, and convicted of an additional DWI in Cause Number 168557 ("DWI-2"), which noted his prior DWI-1 conviction.

Mitchell filed a Petition for Expunction alleging he was entitled to have his records from the DWI-1 case expunged because: (1) his probation was discharged by court order; and (2) subsequently, his "probation was stricken as per decree[.]" The State filed a Motion for Summary Judgment and thereafter filed an Amended Traditional Motion for Summary Judgment.

2

**Standard of Review**

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). Under the abuse of discretion standard, we afford no deference to the trial court's legal determinations since a court has no discretion in deciding what the law is or applying the law to the facts. *See id.* Therefore, we review a trial court's legal conclusions *de novo*. *See id.* The trial court granted the State's motion for summary judgment, which we review *de novo*. *See Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015) (citation omitted).

**Analysis**

Issues One through Four: Expunction and Summary Judgment

In his first two issues, Mitchell challenges the trial court's summary judgment in favor of the State, which denied and dismissed his Petition for Expunction. Mitchell contends the discharge of his community supervision in DWI-1 was a matter of judicial clemency, which meant he did not have a final conviction, and therefore the trial court erred in dismissing his Petition for Expunction. The State counters that since Mitchell failed to challenge the community supervision summary judgment ground, he has waived that issue, and the trial court's summary judgment must be affirmed.

Under limited statutorily enumerated circumstances, a person who has been placed under arrest for commission of a felony or misdemeanor is entitled to have records and files relating to the arrest expunged. *See* Tex. Code Crim. Proc. Ann. art. 55.01. The person seeking expunction must establish, among other things, he has been released and the charge, if any, (1) has not resulted in a final conviction, (2) is no longer pending, and (3) there was no court-ordered community supervision. *See id.* 55.01(a)(2). All statutory provisions are mandatory and exclusive, and the petitioner is entitled to expunction only if all statutory conditions are met. *Ex parte E.R.W.*, 281 S.W.3d 572, 573 (Tex. App.—El Paso 2008, pet. denied). An expunction proceeding is civil in nature, and the petitioner has the burden of proving compliance with the applicable statute. *Tex. Dep't of Public Safety v. Ibarra*, 444 S.W.3d 735, 739 (Tex. App.—Corpus Christi 2014, pet. denied). A trial court has no equitable power to allow expunction not allowed by statute. *Tex. Dep't of Public Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

The State was entitled to summary judgment if it established there was no issue of material fact and appellant was not entitled to expunction as a matter of law. *See* Tex. R. Civ. P. 166a(c). The State moved for traditional summary judgment arguing that Mitchell was not entitled to expunction because he could not meet the

4

statutory requirements, specifically because Mitchell's DWI-1 arrest resulted in a final conviction, and he was placed on court ordered community supervision.[2]

Because the trial court did not specify on which basis it granted summary judgment, we will affirm if any ground is meritorious. *See Provident Life & Acc. Ins. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). When a trial court's order granting summary judgment does not specify the grounds on which it based the order, the appellant must negate each ground upon which the judgment could have been based. *Rosetta Res. Operating, LP v. Martin*, No. 20-0898, 2022 WL 1434662, at *10 (Tex. May 6, 2022). The State's summary judgment evidence included, among other things, a certified copy of the Jefferson County Clerk's file in DWI-1. This evidence showed the State charged Mitchell with DWI, the trial court signed a judgment noting Mitchell's guilty plea and finding him guilty, and the trial court sentenced him to six months of incarceration plus a $200 fine. The trial court's judgment suspended the sentence and included a "Probation Order" outlining the terms Mitchell had to comply with. The evidence also showed that once Mitchell completed the terms of his probation, the trial court discharged it.

The State's summary judgment evidence in this case conclusively established Mitchell pled guilty to the DWI-1 charge and received court-ordered community

---

[2] "'Community supervision' and 'probation' are synonymous and generally used interchangeably." *Hongpathoum v. State*, 578 S.W.3d 213, 214 n.1 (Tex. App.—Fort Worth 2019, no pet.).

supervision. On appeal, Mitchell does not challenge that he received community supervision. Rather, he argues that once he completed his community supervision and the trial court discharged him from probation, that meant he did not have a final conviction. The trial court did not err in granting the State's motion for summary judgment and denying and dismissing Mitchell's Petition for Expunction, since he failed to negate each ground on which summary judgment could have been based. *See Rosetta Res. Operating, LP*, 2022 WL 1434662, at *10.

In his third issue, Mitchell argues that the State breached a contract with him in the form of its plea agreement for the underlying DWI conviction and alleges that, if he completed probation, the charge would be removed from his record. Mitchell argues the "Order Discharging Probation" in his DWI-1 case proves this. The record before us does not support this. The "Order Discharging Probation" does not substantiate a claim that the State agreed to an expunction if he completed his probation as part of a plea agreement, instead it merely shows that he had completed the terms of his probation, and the trial court discharged it.

Mitchell asserts in his brief that "[t]here is no indication of a plea agreement between the Appellant and the courts because the actual pleas were done on the records by the attorneys." In his summary judgment response and on appeal, Mitchell contends the trial judge in the DWI-1 case made specific statements assuring him the matter would be expunged. Mitchell's allegations made in a

summary judgment response are not evidence and may not be used as facts to oppose the State's summary judgment motion. *See Regency Field Servs., LLC v. Swift Energy Operating, Inc.*, 622 S.W.3d 807, 818–19 (Tex. 2021) (explaining a party cannot use its own pleaded allegations as evidence of facts to oppose a summary judgment motion). Mitchell failed to provide a reporter's record or transcript of the DWI-1 proceedings or any other evidence showing these purported agreements were made on the record.

The State conclusively established that Mitchell pled guilty and received community supervision, thereby establishing as a matter of law he was not entitled to an expunction. Accordingly, the burden shifted to Mitchell to provide more than a scintilla of evidence to show a genuine issue of material fact existed that would defeat the State's motion for summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995) ("Once the defendant produces sufficient evidence to establish the right to summary judgment, the plaintiff must present evidence sufficient to raise a fact issue."). Even if we agreed that a plea agreement could be specifically enforced as a contract to override the statutory expunction requirements, which we do not decide, Mitchell failed to provide summary judgment evidence showing that the State agreed to an expunction as one of the terms of his plea

agreement in the DWI-1 case.[3] Although difficult to decipher from his briefing, to the extent Mitchell attempts to attack the underlying facts of his arrest or judgment, his allegations would amount to an improper collateral attack. *See Ex parte Cephus*, 410 S.W.3d 416, 419 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("A collateral attack on a final judgment may not be brought in an expunction proceeding.").

In his fourth issue, Mitchell complains the trial court improperly ruled on his petition without a hearing. A trial court may rule on an expunction petition absent a formal hearing and without considering live testimony, "if it has at its disposal all the information it needs to resolve the issues raised by the petition." *Ex parte Skinner*, 2013 WL 3947174, at *1 (Tex. App.—Dallas July 29, 2013, pet. denied) (mem. op.) (citing *Ex parte Wilson*, 224 S.W.3d 860, 863 (Tex. App.—Texarkana 2007, no pet.)). Here, the trial court had the necessary information at its disposal to rule on the expunction petition, including the pleadings, summary judgment motion and evidence, and Mitchell's response and evidence. *See id.* Additionally, an oral hearing is not required on a summary judgment motion since no oral testimony can be taken. *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex.

---

[3]Other courts have explained, "Nor does the fact that the parties to the criminal proceeding may have intended or 'hoped' that the 'deferred judgment' would avoid the prohibition against expunction where 'community supervision' has been imposed . . . control whether it did." *Tex. Dep't of Public Safety v. Nail*, 305 S.W.3d 673, 684–85 (Tex. App.—Austin 2010, no pet.). "The legislature has provided no such exception to the 'community supervision' expunction limitation, and the judiciary has no power to create one." *Id.*

1998). The State provided its Notice of Submission more than twenty-one days in advance when it filed its Amended Traditional Motion for Summary Judgment. *See id.* (noting a notice of hearing or submission is required); *see also* Tex. R. Civ. P. 166a(c). Mitchell's contention that the trial court had equitable power to extend the expunction statute is incorrect. *See J.H.J.*, 274 S.W.3d at 806 (noting court "has no equitable power to extend the protections of the expunction statute beyond its stated provisions").

We overrule issues one through four.

Issue Five: Sanctions and Hearing

In his fifth issue Mitchell asserts the trial court abused its discretion in failing to hold a hearing on his request for sanctions pursuant to Texas Rules of Civil Procedure 13. Mitchell's complaint seems to be that when the State filed its first Motion for Summary Judgment, it failed to include a specific exhibit. This argument lacks merit. Rule 13 provides that "[i]f a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available[.]" Tex. R. Civ. P. 13. Under this rule, the trial court is not required to hold an evidentiary hearing before denying sanctions. *Breault v. Psarovarkas*, No. 01-01-00122-CV, 2003 WL 876651, at *6 (Tex. App.—Houston [1st Dist.] Feb. 28, 2003, pet. denied) (mem. op.); *see also Skinner v. Levine*, No. 04-03-00354-CV, 2005 WL 541341, at *3 (Tex. App.—

9

San Antonio Mar. 9, 2005, no pet.) (mem. op.). We also note that when the State filed its Amended Traditional Motion for Summary Judgment, it attached the exhibit Mitchell complained it omitted.

Although Mitchell additionally complains the trial court failed to conduct a hearing on whether the State violated Texas Rule of Civil Procedure 12, he does not articulate why he was entitled to a hearing under this rule or provide any authority supporting this argument. Therefore, we find the issue inadequately briefed. *See* Tex. R. App. P. 38.1(i) (providing requirements for appellant's brief); *Kuykendall v. State*, 335 S.W.3d 429, 436 (Tex. App.—Beaumont 2011, pet. ref'd) (inadequate briefing waives error on appeal).

We overrule issue five.

## Conclusion

Having overruled all of Mitchell's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on August 10, 2021
Opinion Delivered June 23, 2022

Before Golemon, C.J., Horton, and Johnson, JJ.

10